JAMIE VALENTIN *v.* COMMISSIONER OF
CORRECTION
(AC 25641)

Schaller, Harper and West, Js.

Argued January 9—officially released April 11, 2006

*Robert J. McKay,* for the appellant (petitioner).

*Toni M. Smith-Rosario,* assistant state's attorney, with whom, on the brief, was *Scott J. Murphy,* state's attorney, for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Jamie Valentin, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court improperly rejected his claim that his trial counsel rendered ineffective assistance. We affirm the judgment of the habeas court.

In July, 2001, the petitioner pleaded guilty under the *Alford* doctrine[1] to one count each of manslaughter in the first degree and assault in the first degree. The petitioner also pleaded guilty to one count of operating a motor vehicle without insurance. The court accepted the pleas and sentenced the petitioner to a total effective term of forty years imprisonment, suspended after eighteen years, and five years of probation.

In an amended petition for a writ of habeas corpus, the petitioner claimed that his trial counsel, Kenneth W. Simon, did not render effective assistance in that Simon (1) "did not adequately advise [him] concerning the proposed sentence, in that [he] believed he would be sentenced to no more than twenty years incarceration only, but was actually sentenced to a total effective sentence of [forty years imprisonment, suspended after eighteen years, and five years of probation]"; (2) "did not adequately explain to [him] the range of sentence[s] that would be available to the court within the agreement of a twenty year cap"; (3) "did not adequately prepare an argument on behalf of [his] defense during [his] sentencing hearing"; and (4) "[failed] to adequately advise [him] as to his right to sentence review after the imposition of his sentence and, therefore, never filed for sentence review." The petitioner claimed that Simon's representation was deficient and deprived him of his right, protected by the state and federal constitutions, to effective assistance of counsel. The petitioner claimed that a reasonable probability existed that, but for Simon's deficient representation, his decision to enter the pleas that he did would have been different. The petitioner asked the court to permit him to withdraw his pleas, to permit him to file an application for sentence review or to provide him with other just relief. The respondent, the commissioner of correction,

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

denied the petitioner's claims of ineffective representation. The court held an evidentiary hearing concerning the petition and, in an oral decision, denied the petition.[2]

"The standard of review for a challenge to a court's denial of a petition for a writ of habeas corpus based on a claim of ineffective assistance of counsel is well settled. The underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Historical facts constitute a recital of external events and the credibility of their narrators. So-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations, are not facts in this sense. . . . Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings . . . and plea bargaining is an integral component of the criminal justice system and essential to the expeditious and fair administration of our courts. . . .

"Although [the] decision [to plead guilty or proceed to trial] is ultimately made by the defendant, the defendant's attorney must make an informed evaluation of the options and determine which alternative will offer the defendant the most favorable outcome. A defendant

---

[2] The court subsequently signed a transcript of its oral decision, thereby complying with Practice Book § 64-1.

relies heavily upon counsel's independent evaluation of the charges and defenses, applicable law, the evidence and the risks and probable outcome of a trial. The right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of conviction. . . .

"In *Strickland* v. *Washington*, [466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel during criminal proceedings: the defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness . . . and (2) that defense counsel's deficient performance prejudiced the defense. . . .

"The first part requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. . . . In determining whether such a showing has been made, judicial scrutiny of counsel's performance must be highly deferential. . . . The reviewing court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . .

"The second part requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. . . . The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . .

"In *Hill* v. *Lockhart*, [474 U.S. 52, 57–58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)], the court determined that the same two-part standard applies to claims arising

from the plea negotiation process and that the same justifications for imposing the prejudice requirement in *Strickland* were relevant in the context of guilty pleas. Although the first half of the *Strickland* test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. . . . [I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . The *Hill* court also stated that the petitioner must show that such a decision to plead not guilty would have been based on the likelihood that the introduction of the evidence or the defense that was not identified because of ineffective assistance of counsel would have been successful at trial." (Citations omitted; internal quotation marks omitted.) *Calabrese* v. *Commissioner of Correction*, 88 Conn. App. 144, 150–52, 868 A.2d 787, cert. denied, 273 Conn. 936, 875 A.2d 543 (2005).

I

The petitioner first challenges the court's conclusion, with regard to his pleas, that he did not demonstrate that deficient representation by Simon prejudiced his defense. The petitioner alleged that Simon was ineffective in that he failed to explain the plea agreement to him and failed to advise him of the possible sentence that the court could impose under the agreement. The court found that the plea agreement at issue was neither "unduly complicated" nor "unduly difficult to understand" and that the petitioner understood the terms of the plea agreement, which were reflected in the sentence imposed. The court did not make any findings, however, with regard to Simon's conduct in advising the petitioner as to the terms of the agreement or Simon's conduct in advising the petitioner with regard to the decision to enter the pleas that he did. The court found

that Simon had complied with the petitioner's unambiguous directive to obtain a favorable plea offer for him because the petitioner did not want to proceed to trial.

Insofar as the court found that the petitioner had understood the terms of the plea agreement, this finding amply is supported by the evidence, which included the representations of the petitioner at the time he entered his plea, Simon's testimony concerning his conversations with the petitioner with regard to the plea agreement, and the testimony of both the petitioner and Simon that reflected the petitioner's failure to object to the sentence imposed, either during or immediately following the sentencing hearing. Insofar as the court rejected the petitioner's claim on the basis of its finding that the petitioner failed to demonstrate that a reasonable probability existed that, but for Simon's allegedly deficient representation, he would not have entered the pleas that he did, this finding is supported by the evidence. Simon testified that, during the course of his representation of the petitioner, the petitioner was interested in obtaining a favorable plea agreement and was aware that his chances of prevailing at trial were unfavorable. It was within the court's province, as the finder of fact, to credit Simon's testimony. See *Batts* v. *Commissioner of Correction*, 85 Conn. App. 723, 728, 858 A.2d 856, cert. denied, 272 Conn. 907, 863 A.2d 697 (2004).

In light of the findings that the petitioner understood the terms of the plea agreement that he entered into and that no reasonable probability existed that he would have elected to proceed to trial, the petitioner failed to demonstrate that any deficient performance prejudiced his decision to plead as he did. We agree with the court's conclusion that the petitioner's claim fails under *Strickland*'s second prong.

II

The petitioner next claims that the court improperly failed to conclude that Simon rendered ineffective assistance by failing to advise him adequately with regard to the right to sentence review; see *Ramos* v. *Commissioner of Correction*, 67 Conn. App. 654, 667, 789 A.2d 502, cert. denied, 260 Conn. 912, 796 A.2d 558 (2002); and failed to file an application for sentence review.

The court found that the court clerk had advised the petitioner of his right to sentence review, that the petitioner received advice from Simon "that [the petitioner should] not seek sentence review because the risk of so doing so outweighed the benefit," and that the petitioner voluntarily decided to forgo applying for sentence review on the basis of the advice he received from Simon. It is implicit in the court's findings that Simon did not apply for sentence review because he abided by the petitioner's decision not to apply for such review. These findings are supported by the evidence, which includes the transcript of the sentencing hearing, in which the court clerk provided the petitioner with notice of his right to sentence review; the petitioner's testimony that he decided to follow Simon's advice with regard to sentence review and Simon's testimony concerning his conversations with the petitioner concerning sentence review. On the basis of the court's findings that the petitioner was aware of his right to sentence review and that, in a strategic decision, he ultimately decided to forgo sentence review after discussing the matter with Simon, we agree with the court's conclusion that the petitioner failed to demonstrate that Simon rendered ineffective assistance of counsel.

The judgment is affirmed.

In this opinion the other judges concurred.