LEROY A. HUTTON *v.* COMMISSIONER
OF CORRECTION
(AC 27876)

Bishop, McLachlan and Lavine, Js.

Argued April 17—officially released July 31, 2007

*Sandra J. Crowell*, assistant public defender, for the appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Michael Dearington*, state's attorney, and, on the brief, *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Leroy A. Hutton, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus, which alleged in relevant part that he had been denied the constitutional right to the effective assistance of counsel. On appeal, the petitioner claims that the court improperly (1) concluded that he was not denied the effective assistance of counsel (a) during plea negotiations and (b) at sentencing, and (2) required him to prove the actual plea offer.[1] We affirm the judgment of the habeas court.

---

[1] The petitioner also claimed that the respondent, the commissioner of correction, improperly calculated his parole eligibility. After our Supreme Court decided *Baker* v. *Commissioner of Correction*, 281 Conn. 241, 914 A.2d 1034 (2007), the petitioner withdrew this claim in his reply brief.

The following facts, as set forth in the court's memorandum of decision, are relevant to our resolution of the appeal. The petitioner's conviction of multiple offenses arose out of an armed invasion of a home in West Hartford on December 4, 1991, in which the female victim was bound and her two young children were held at gunpoint until she disclosed the location of $1000. The victim knew the petitioner, who was accompanied by two other men. The petitioner was arrested pursuant to a warrant on December 30, 1991, and subsequently released on bail.

The petitioner retained an experienced attorney, Gerald Klein, to represent him. On October 22, 1992, the state filed a ten count substitute information. The petitioner was present during jury selection and when the court, *Corrigan, J.*, recessed the proceedings until the presentation of evidence was to begin on Monday, October 26, 1992. The petitioner, however, failed to appear. Judge Corrigan denied oral motions made by Klein for a continuance, a mistrial and to withdraw as counsel. The petitioner was tried in absentia and found guilty of nine of the ten charges against him.[2] On December 9, 1992, the petitioner was sentenced in his absence to an effective term of twenty-five years incarceration. The petitioner did not file an appeal. The petitioner was apprehended in 1997, and on April 23, 1997, the court,

---

[2] The petitioner was convicted in absentia of burglary in the first degree in violation of General Statutes §§ 53a-101 (a) (2) and 53a-8, conspiracy to commit burglary in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-101 (a) (2), two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) (B) and (C), conspiracy to commit kidnapping in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-92 (a) (2) (A) (B) and (C), robbery in the first degree in violation of General Statutes §§ 53a-8 and 53a-134 (a) (4), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-134 (a) (4) and two counts of risk of injury to a child in violation of General Statutes §§ 53a-8 and 53-21. The jury found the petitioner not guilty of conspiracy to commit injury or risk of injury to a child in violation of General Statutes §§ 53-21 and 53a-48 (a).

*Espinosa, J.*, sentenced him to five years in prison pursuant to a guilty plea to failure to appear in the first degree, to run concurrently with the 1992 sentence.

The petitioner filed a petition for a writ of habeas corpus on February 26, 1998, and a public defender was appointed to represent him. An amended four count petition for a writ of habeas corpus was filed on October 4, 2005. It alleged in count one that Klein failed to communicate to the petitioner the strength of the state's case against him and misadvised him to reject the plea agreement, in count two that the petitioner's conviction on three conspiracy counts violated the constitutional prohibition against double jeopardy, in count three that Klein's representation was ineffective because he failed to present mitigating evidence at sentencing and in count four that the respondent miscalculated the petitioner's parole eligibility date. Trial on the petition for a writ of habeas corpus commenced in April, 2006.

The court rejected the petitioner's claim that Klein failed to communicate the state's plea agreement to him on credibility grounds. With respect to the allegations in count three that Klein provided ineffective representation at the time the petitioner was sentenced by failing to present mitigating evidence, the court concluded that Klein did not render ineffective assistance because the evidence the petitioner was importuning Klein to present could have been viewed as an aggravating, not a mitigating, factor.

The court also concluded that Klein was not ineffective for failing to raise the double jeopardy claim. Klein's failure to raise the claim at sentencing was not fatal to the petitioner, as it could have been raised in a direct appeal. The petitioner was in procedural default for failing to raise the claim on direct appeal. The court also affirmed the respondent's parole eligibility calculations.

The court denied the amended petition for a writ of habeas corpus and thereafter granted the petition for certification to appeal. The court also articulated certain factual findings in response to the petitioner's motion for articulation.

"The standard of review for a challenge to a court's denial of a petition for a writ of habeas corpus based on a claim of ineffective assistance of counsel is well settled. The underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Historical facts constitute a recital of external events and the credibility of their narrators. So-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations, are not facts in this sense. . . . Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings . . . and plea bargaining is an integral component of the criminal justice system and essential to the expeditious and fair administration of our courts. . . .

"Although [the] decision [to plead guilty or proceed to trial] is ultimately made by the defendant, the defendant's attorney must make an informed evaluation of the options and determine which alternative will offer the defendant the most favorable outcome. A defendant

relies heavily upon counsel's independent evaluation of the charges and defense, applicable law, the evidence and the risks and probable outcome of a trial. The right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of conviction. . . .

"In *Strickland* v. *Washington,* [466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel during criminal proceedings: the defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness . . . and (2) that defense counsel's deficient performance prejudiced the defense. . . .

"The first part requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. . . . In determining whether such a showing has been made, judicial scrutiny of counsel's performance must be highly deferential. . . . The reviewing court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . .

"The second part requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. . . . The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Internal quotation marks omitted.) *Valentin* v. *Commissioner of Correction,* 94 Conn. App. 751, 754–55, 895 A.2d 242 (2006).

"In *Strickland*, the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 90 Conn. App. 420, 425, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d 1246 (2005), cert denied sub. nom. *Santiago* v. *Lantz*, 547 U.S.1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006).

I

The petitioner claims that the court improperly determined that he was not denied the effective assistance of counsel with respect to plea negotiations. Concomitantly, the petitioner claims that the court required him to prove the actual plea offer. We disagree.

In his petition for a writ of habeas corpus, the petitioner alleged that Klein had failed to communicate to him the strength of the state's case and misadvised him

to reject the state's offer of a plea bargain. The court found that there was "no credible evidence" that Klein failed to communicate to the petitioner the strength of the state's case and that Klein testified credibly that the petitioner was known to his accusers, and consequently, no plausible defense of misidentification was available. Klein communicated all of this to the petitioner. Furthermore, the court found that the petitioner was unable to explain why his accusers would implicate him in the crime if he had not been involved.

Prior to trial, the state offered the petitioner a plea agreement, which the petitioner rejected. The court found that there was no credible evidence as to the terms of the state's offer and that the petitioner's testimony that Klein told him that the offer was a term of five years with the right to argue for less lacked credibility, as did his testimony that Klein advised him to reject the offer. The court found that Klein's credible testimony established that he advised the petitioner of the state's offer and properly left the decision to accept or to reject it to the petitioner. The court concluded that the factual allegations of the first count of the amended petition for a writ of habeas corpus had not been established.

The petitioner also claims that the court required him to prove the specific terms of the state's plea offer. We disagree. The court simply found that "[t]here is no credible evidence as to exactly what the offer was." It found that the petitioner's testimony that the offer was "five years with the right to argue for less" was not credible. On appeal, the petitioner appears to overlook the fact that at the time the plea offer was made, he was accused of having committed ten serious felonies.

The court's memorandum of decision makes clear that its adjudication of the first count of the amended petition for a writ of habeas corpus was based on its

credibility assessment of the petitioner and Klein. It is well established that a reviewing court is not in the position to make credibility determinations. "When reviewing the decision of the habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citations omitted; internal quotation marks omitted.) *Dwyer* v. *Commissioner of Correction*, 69 Conn. App. 551, 561–62, 796 A.2d 1212, cert. denied, 261 Conn. 906, 804 A.2d 212 (2002). Because the petitioner's first claim is premised entirely on issues of credibility, he cannot prevail.

## II

The petitioner also claims that the court improperly determined that counsel's assistance was not ineffective in allegedly failing to investigate and to present mitigating circumstances and to raise a claim of double jeopardy at the time of sentencing. We do not agree.

The petitioner was not present at sentencing and otherwise failed to avail himself of the fact that Klein was representing him. The court found that at the time of sentencing, the petitioner had a girlfriend, Tanya Thomas, with whom he had had a child. Klein did not call Thomas or her mother to speak on the petitioner's behalf at sentencing. At the habeas trial, the women testified that they would have said that the petitioner was a skilled musician and a good father. The court found that Klein testified credibly that if he had known of the witnesses, he would not have asked them to

speak at sentencing because what they had to say on behalf of the petitioner would not have been viewed in the petitioner's favor. Thomas had become pregnant by the petitioner when she was sixteen and he was twenty-four. Their child was born in September, 1991, three months before the subject crimes were committed. The court observed that impregnating a sixteen year old girl and committing a violent felony likely to result in a substantial period of incarceration "are not the hallmarks of a good father." These facts, if presented to the sentencing court, may have been viewed as aggravating, rather than mitigating factors. For these reasons, the court concluded that Klein's assistance at sentencing was not ineffective.

In his brief to this court, the petitioner notes that at sentencing, Klein took exception to the court's having conducted the trial in the petitioner's absence. Klein pointed out that the petitioner had not been convicted of any prior crime and challenged the credibility of the victim solely as to her prior knowledge of the petitioner. Furthermore, Klein disputed that the subject crimes were the sole cause of the mental health issues of the victim's son. The court responded that it had "no facts except for the lack of a prior criminal record to warrant any mitigation of sentence." The petitioner's principal legal argument here is that he was denied the effective assistance of counsel because Klein failed to investigate mitigating circumstances to present to the court.

Subsequent to oral argument, the petitioner submitted *Miller* v. *Martin*, 481 F.3d 468 (7th Cir. 2007), a recent case from the United States Court of Appeals for the Seventh Circuit, which he asserts supports his claim. Despite the petitioner's assertion to the contrary, we find the facts of *Miller* to be distinguishable from the facts here.[3] In *Miller*, although the defendant was

[3] A letter to the appellate clerk's office from the petitioner's public defender states in part that "[t]he Seventh Circuit held that it was an unreasonable application of federal law for the state court not to grant relief

tried in absentia, he was present at the time of sentencing and represented by counsel. Id., 470. At sentencing, the *Miller* defendant's counsel was certain that the state appellate court "would order a new trial, because, he believed, the trial in absentia was a nullity. He therefore told [the defendant] not to speak at all during the sentencing hearing . . . . For his own part, [counsel] also remained mute, except to tell the sentencing court at the outset of the hearing that [the defendant] does not recognize the validity of the trial or the authority of the Court to proceed to disposition at this time." (Internal quotation marks omitted.) Id.

In reviewing the defendant's appeal from the denial of his petition for a federal writ of habeas corpus, the Seventh Circuit agreed with the defendant that *United States* v. *Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), rather than *Strickland*, was the proper standard to apply but that under either standard the defendant was denied the constitutional right to effective assistance of counsel at sentencing. *Miller* v. *Martin*, supra, 481 F.3d 472–73. The Seventh Circuit noted that "in certain types of cases, prejudice is so likely that case-by-case inquiry into prejudice is not worth the cost, and so it is presumed. [*Strickland* v. *Washington*, supra, 466 U.S. 692.] This occurs when (1) the defendant is denied counsel at a critical stage; (2) counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; or (3) counsel is called upon to represent a client in circumstances under which no lawyer could provide effective assistance. [*United States* v. *Cronic*, supra, 466 U.S. 659–61] . . . ." (Internal quotation marks omitted.) *Miller* v. *Martin*, supra, 472. The Seventh Circuit concluded that the second

when trial counsel's sole argument at sentencing was to object to [the *Miller* defendant's] being tried in absentia. . . . In the case of the defendant in *Miller*], similarly to [the petitioner's] case, the trial judge stated that 'he could not find any mitigating factors.' "

*Cronic* exception applied. Id. "[C]ases have emphasized that the second *Cronic* exception is exceedingly narrow. . . . For it to apply, the attorney's failure must be complete. . . . [C]ourts have rarely applied *Cronic*, emphasizing that only non-representation, not poor representation, triggers a presumption of prejudice." (Citations omitted; internal quotation marks omitted.) Id., 472–73.

We need not detain ourselves long with *Miller*, as it is inapposite to the facts here. The habeas court properly determined that Klein made an appropriate strategic decision not to have Thomas and her mother speak at sentencing. We also disagree that Klein did nothing on the petitioner's behalf at the time of sentencing. The petitioner's own recitation of facts brings that to light. Klein spoke in mitigation of the petitioner's sentence, which the sentencing court noted—the petitioner did not have a prior criminal record. The second *Cronic* factor, therefore, does not apply; Klein's representation was strategic and provided the court with information in mitigation of the sentence.[4]

The petitioner also claims that the court improperly concluded that Klein did not provide ineffective assistance of counsel because he did not inform the court that the petitioner's conviction of the conspiracy charges was in violation of the constitutional prohibition against double jeopardy and that the sentences on those charges were illegal. The petitioner properly argues that the double jeopardy clause of the fifth amendment protects against multiple punishments for the same offense. *State* v. *Coltherst*, 87 Conn. App. 93, 112, 864 A.2d 869, cert. denied, 273 Conn. 919, 871 A.2d 371 (2005). "Whether the object of a single agreement

---

[4] Our discussion of the *Cronic* factors is limited to the scope of the petitioner's argument in this case and is not intended to have further application. *Strickland* is the standard by which claims of ineffective assistance of counsel are reviewed in this jurisdiction.

is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes." (Internal quotation marks omitted.) Id.

Claims of multiple punishments for the same offense may be raised on direct appeal, when not raised before the trial court. See *State* v. *Snook*, 210 Conn. 244, 263, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989). The petitioner did not file a direct appeal and raised the claim of an illegal sentence for the first time in this collateral habeas corpus proceeding. He is, therefore, in procedural default. To prevail on a claim of an illegal sentence in a collateral habeas proceeding, a petitioner must demonstrate both good cause for failing to raise the claim on direct appeal and actual prejudice. See *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 40, 779 A.2d 80 (2001). The petitioner failed to appeal from his judgment of conviction because he absconded, which does not constitute good cause. We need not decide whether he has suffered actual prejudice.

The judgment is affirmed.

In this opinion the other judges concurred.