EARL G.[1] *v.* COMMISSIONER OF CORRECTION
(AC 27781)

Harper, Robinson and Borden, Js.

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victims or others through whom the victims' identity may be ascertained. See General Statutes § 54-86e.

Argued January 9—officially released April 8, 2008

*Paul R. Kraus*, special public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, former state's attorney, and *Robin D. Krawczyk*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Earl G., appeals following the denial of certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying certification to appeal and improperly rejected his claim that his trial counsel, John L. Stawicki, had provided ineffective assistance. We dismiss the petitioner's appeal.

In 2001, the petitioner was arrested in connection with an alleged sexual assault of a minor child. He subsequently was charged with two counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2), and one count of each of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), forcible sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), and attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-70 (a) (1) and 53a-49.

The petitioner was convicted, after a trial by jury, of sexual assault in the first degree and both counts of risk of injury to a child, and acquitted of attempt to commit sexual assault and forcible sexual assault in the first degree. This court affirmed the judgment of conviction on direct appeal. See *State* v. [*G.*], 83 Conn. App. 90, 848 A.2d 549, cert. denied, 270 Conn. 913, 853 A.2d 529 (2004).

The petitioner subsequently filed a petition for a writ of habeas corpus, in which he claimed that Stawicki had rendered ineffective assistance by failing to introduce certain physical evidence and testimony, which, he alleged, was exculpatory in nature. The habeas court rejected the petitioner's claims and then denied his petition for certification to appeal. This appeal followed.

"We begin by setting forth the applicable standard of review. Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of

his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . .

"The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . In *Strickland*, the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) *Bowens* v. *Commissioner of Correction*, 104 Conn. App. 738, 740–42, 936 A.2d 653 (2007).

Our review of the record reveals that at the petitioner's criminal trial, the state presented the testimony of the victim, the victim's mother, the apprehending officer and Elaine Yordan, a physician who had examined the victim after the sexual assault had occurred.[2] The state produced no physical evidence of sexual assault.

---

[2] The petitioner claims that the habeas court's finding that Yordan examined the victim on the day of the sexual assault is clearly erroneous. We agree. The parties do not dispute that Yordan actually examined the victim more than three months later. Although the petitioner attaches great significance to this finding, we conclude that the strategy proffered by Stawicki,

At the habeas trial, the court heard testimony that Stawicki was aware of rape kit results, as well as medical records related to the victim's treatment immediately following the sexual assault and later treatment with her personal physician. Despite the fact that none of these documents detailed physical evidence of sexual assault, Stawicki did not introduce them into evidence. Stawicki also did not present the testimony of a physician who had examined the victim on the day of the sexual assault or of the victim's personal physician. This inaction on the part of Stawicki comprised the basis of the claim of ineffective assistance of counsel. The petitioner now challenges the habeas court's rejection of this claim. We disagree.

Stawicki, in testifying at the habeas trial, elucidated his rationale for not introducing the aforementioned evidence during the following examination by the petitioner's habeas counsel:

"Q. Okay. Was there a reason that this evidence was not offered?

"A. Yes.

"Q. And what would that be?

"A. Actually, there's—there's several factors. One, Dr. Yordan's testimony basically underlined . . . our defense in that Dr. Yordan stated that she had—that there was no physical evidence of a sexual assault. . . .

\* \* \*

"A. The more that you introduce, the more it appears that there's something there. I thought that we had a very clean defense up to that point. We have a doctor that says there's no evidence of sexual abuse. Why rub it in the jury's eyes about all these complaints because

---

and deemed valid by the habeas court, was reasonable regardless of any error.

the jury can start thinking, well, maybe the girl was going through all of this, that is why she pushed it this far.

"Q. Okay. So, you didn't feel that it was important to introduce physical evidence that showed no signs of any force or physical assault from one of the actual days she was alleging assault?

"A. It was enough to have the doctor say that there was nothing there.

"Q. Okay.

"A. And the state, as the jury is told, has the burden of proof. And at that point, if the state doesn't put it in, I don't want more in front of the jury. Then, I'm just able to say the state produced no evidence."

Upon considering his testimony, the court concluded that Stawicki's decision not to introduce the contested evidence amounted to a sound tactical device, explaining that the contested evidence "strongly suggests to the court that [that evidence] could well have served to support the victim's claims in the minds of the jurors." On the basis of Stawicki's tactical concerns related to this evidence, we agree with the court that his representation did not fall below an objective standard of reasonableness. See *Vidro* v. *Commissioner of Correction*, 105 Conn. App. 362, 368–69, 938 A.2d 607 (2008) (trial counsel's decision not to introduce alleged exculpatory evidence affirmed as sound legal strategy); *Adorno* v. *Commissioner of Correction*, 66 Conn. App. 179, 186, 783 A.2d 1202 ("presentation of testimonial evidence is a matter of trial strategy" [internal quotation marks omitted]), cert. denied, 258 Conn. 943, 786 A.2d 428 (2001).

In light of the foregoing conclusions, the petitioner has not demonstrated that the issues raised with regard to the court's denial of his petition for a writ of habeas

corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. Thus, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.