## EDDIE P. LEWIS *v.* COMMISSIONER OF CORRECTION
### (AC 29276)

Bishop, Harper and Beach, Js.

Argued May 21—officially released September 15, 2009

*Robert T. Rimmer*, special public defender, for the appellant (petitioner).

*Sarah Hanna*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Richard J. Rubino*, assistant state's attorney, for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Eddie P. Lewis, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly failed (1) to conclude that his trial counsel rendered ineffective assistance in relation to the petitioner's waiver of a jury trial, (2) to conclude that his trial counsel rendered ineffective assistance by allegedly taking away from the petitioner the right to decide whether to testify at trial, (3) to conclude that the trial court violated the petitioner's sixth amendment right to counsel by failing to appoint an attorney to represent him during the criminal trial with respect to other charges in a separate proceeding and (4) to consider the testimony of the petitioner's expert witness. We affirm the judgment of the habeas court.

The record reveals the following relevant facts and procedural history. Following a trial to the court, the petitioner was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and threatening in the second degree in violation of General Statutes § 53a-62. He was sentenced to fourteen years of incarceration followed by six years of special parole. Following his direct appeal, this court affirmed the judgment of conviction. See *State* v. *Lewis*, 83 Conn. App. 489, 850 A.2d 1059, cert. denied, 271 Conn. 903, 859 A.2d 565 (2004).

At the petitioner's criminal trial, the court, *Mullarkey, J.*, reasonably could have found the following facts. In

January, 2001, the petitioner entered a Carvel ice cream shop in West Hartford. The supervisor on duty, Allison Cabrera, immediately recognized the petitioner and elicited a response from the petitioner when she addressed him by name. The petitioner then approached Cabrera, threatened to use a firearm and demanded that she lead him to the store's safe. The petitioner took money from the store's safe and cash register and exited the store. The petitioner's defense at trial was that he never intended to rob or to threaten anyone because Cabrera's husband, with whom the petitioner was acquainted, owed him money and suggested that the petitioner go to Carvel at a time when Cabrera was working and take money from the store in settlement of the debt owed to him.

After the petitioner's judgment of conviction was affirmed on direct appeal, he filed an amended petition for a writ of habeas corpus. In his amended petition, the petitioner alleged numerous instances in which his trial counsel, Donald Freeman, rendered ineffective assistance, including, inter alia, a claim that Freeman rendered ineffective assistance in relation to the petitioner's waiver of a jury trial. The petitioner also alleged three instances of trial court impropriety, including, inter alia, a claim that the court violated his sixth amendment right to counsel by failing to appoint an attorney to represent him during the criminal trial with respect to other charges in a separate proceeding.[1] The

---

[1] Although the petitioner failed to raise his claim on direct appeal, the respondent, the commissioner of correction, failed to raise the affirmative defense of procedural default in the return to the petition for a writ of habeas corpus. See Practice Book § 23-30 (b); see also *Newsome* v. *Commissioner of Correction*, 109 Conn. App. 159, 161 n.1, 951 A.2d 582, cert. denied, 289 Conn. 918, 957 A.2d 878 (2008).

"In habeas proceedings, the appropriate standard for reviewability of a constitutional claim not raised before sentencing or on direct appeal is the cause and prejudice standard pursuant to *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). . . . The petitioner's burden of establishing cause and prejudice, however, does not arise until after the respondent [the commissioner of correction] raises the claim of procedural

court, *Fuger, J.*, denied his petition on all counts. The petitioner filed a petition for certification to appeal from the denial of his petition for a writ of habeas corpus, which the court granted. This appeal followed. Additional facts will be set forth as necessary.

I

The petitioner first claims that the court improperly failed to conclude that Freeman rendered ineffective assistance in relation to the petitioner's waiver of a jury trial. Specifically, he claims that the court improperly failed to credit his version of events, namely, that Freeman pressured him to waive his right to a jury trial and coerced Sandra Polite, the petitioner's mother, to convince the petitioner to waive this right. We disagree.

The following additional facts are relevant to our resolution of the petitioner's claim. At his arraignment on the robbery and threatening charges, the petitioner pleaded not guilty and requested a trial by jury. Prior to the start of evidence, Freeman stated to Judge Mullarkey that the petitioner had decided to change his election to a court trial. The court then canvassed the petitioner. A recess was taken to allow the petitioner and Freeman to further discuss the implications of electing a court trial. After the recess, the court asked the petitioner, inter alia, if any pressure had been placed on him to make the decision to elect a court trial, to which the petitioner responded in the negative. At the completion of the canvass, the court found that the petitioner intelligently, knowingly and voluntarily waived his right to a jury trial. Subsequently, the petitioner was put to plea on a substitute information and

default in its return." (Citation omitted; internal quotation marks omitted.) *Almedina* v. *Commissioner of Correction*, 109 Conn. App. 1, 5 n.3, 950 A.2d 553, cert. denied, 289 Conn. 925, 958 A.2d 150 (2008). Because the respondent failed to raise the affirmative defense of procedural default in her return, the petitioner was not required to prove cause and prejudice.

pleaded not guilty to the robbery and threatening charges and elected to be tried to the court.

At the habeas trial, the petitioner testified that Freeman had pressured him into electing a court trial by telling him that he would not receive more than a seven year sentence if convicted following a court trial because Freeman was good friends with the presiding judge. The petitioner testified that Freeman spoke with Polite, who, while crying, told the petitioner to elect a court trial because he only would be facing the possibility of seven years imprisonment. The petitioner maintained that he elected a court trial because Polite was upset and because he thought that he would receive only a seven year sentence if he was found guilty. Polite testified in support of the petitioner's version of events.

Freeman testified that he had advised the petitioner that a court trial would be preferable because it might be more likely that a judge, rather than a jury, would understand and credit the petitioner's defenses. Freeman testified that "there's no question that [the petitioner] made the final decision." He further testified that he never advised the petitioner that he would receive only seven years imprisonment if he elected a court trial and was convicted.

The court found that the petitioner failed to prove his claim of ineffective assistance of counsel. The court did not credit the petitioner's version of events that Freeman pressured him into electing a court trial by informing him that he would receive only a seven year sentence if he was found guilty following a court trial. The court instead credited Freeman's testimony and found that Freeman adequately advised the petitioner of the implications of waiving the right to a jury trial and that the petitioner did so intelligently, voluntarily and knowingly.

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States

Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Earl G.* v. *Commissioner of Correction*, 106 Conn. App. 758, 761, 943 A.2d 1118, cert. denied, 288 Conn. 901, 952 A.2d 809 (2008).

Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Necaise* v. *Commissioner of Correction*, 112 Conn. App. 817, 820, 964 A.2d 562, cert. denied, 292 Conn. 911, 973 A.2d 660 (2009).

The petitioner's claim on appeal is based on his assertion that the court improperly credited Freeman's testimony and rejected his version of events. The court's finding that the petitioner had not proven his claim of ineffective assistance is based on a credibility determination. "It is well established that a reviewing court is not in the position to make credibility determinations. . . . This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their

conduct, demeanor and attitude." (Internal quotation marks omitted.) *Hutton* v. *Commissioner of Correction*, 102 Conn. App. 845, 853, 928 A.2d 549 (2007). Because the petitioner's claim is premised entirely on issues of credibility, he cannot prevail.

## II

The petitioner also claims that the court improperly failed to conclude that Freeman rendered ineffective assistance by forcing him to testify at trial, rather than giving to the petitioner the right to choose whether to testify. We decline to review this claim.

The petitioner failed to raise in his amended habeas petition the claim that he now raises on appeal, and the habeas court did not decide the claim. "This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the appellant's claim. . . . To review [the claim] now would amount to an ambuscade of the [habeas] judge." (Citation omitted; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 80 Conn. App. 613, 618, 836 A.2d 471 (2003), cert. denied, 268 Conn. 907, 845 A.2d 412 (2004). "This court is not compelled to consider issues neither alleged in the habeas petition nor considered at the habeas proceeding . . . ." *Smith* v. *Commissioner of Correction*, 98 Conn. App. 690, 693, 910 A.2d 999 (2006), cert. denied, 281 Conn. 910, 916 A.2d 52 (2007). Because the petitioner did not raise this claim before the habeas court, we decline to afford it review.

## III

The petitioner next claims that the court improperly failed to conclude that the trial court violated his sixth amendment right to counsel when, during his underlying criminal trial, it failed to appoint an attorney to

represent him on separate pending charges in a different proceeding. The petitioner was questioned about facts relating to that separate proceeding during the underlying trial.[2] We decline to review this claim.

At the time of the petitioner's underlying criminal trial on the robbery and threatening charges, the petitioner was awaiting trial on a separate matter concerning witness tampering charges. The witness tampering charges allegedly arose from a telephone call that was made by the petitioner to Cabrera and which was recorded on audiotapes. The caller recorded on these audiotapes stated, inter alia, that Cabrera's husband was involved in planning the Carvel theft. During the underlying criminal trial, the audiotapes were admitted as consciousness of guilt evidence. The petitioner answered affirmatively when asked during cross-examination whether he was the caller on the audiotapes. Although the court expressed concern that the petitioner was being questioned with regard to facts related to a pending case, for which he had no legal representation, the court allowed the questioning on the issue of the alleged relationship between the petitioner and the Cabreras.

The petitioner has not provided us with any legal authority supporting his claim, and we are not aware of any such authority. The case law cited by the petitioner in his brief applies to a defendant's right to counsel in the proceeding in which the constitutional violation is alleged to have occurred. The petitioner was represented by Freeman during the underlying criminal trial. As the petitioner's counsel, Freeman was available at trial to advise the petitioner regarding his testimony in the underlying trial, which included questions regarding the tampering charges. The petitioner has failed to cite any case law or offer any meaningful analysis with

---

[2] See footnote 1.

respect to his claim that during the underlying criminal trial, he was entitled to representation with respect to separate pending charges in a different proceeding. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Hanson*, 75 Conn. App. 140, 141 n.3, 815 A.2d 139 (2003). Accordingly, we decline to review this claim.[3]

## IV

The petitioner last claims that the court failed to consider the testimony of his expert witness. We disagree.

There is nothing in the record that suggests that the court failed to review thoroughly the testimony and evidence submitted to it. In fact, the court indicated in its memorandum of decision that its findings of fact were "[b]ased upon a full review of the testimony and evidence . . . ." "[A] judge is presumed to have performed his duty properly unless the contrary appears [in the record]." (Internal quotation marks omitted.)

[3] The petitioner also claims that Freeman rendered ineffective assistance by failing to represent him during the course of the underlying trial with respect to the witness tampering charges and by allowing the underlying trial to progress without first ensuring that the petitioner was represented by counsel on the tampering charges. The petitioner, however, did not raise this claim in his amended habeas petition, and the court did not rule on it.

"This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the appellant's claim. . . . To review [the claim] now would amount to an ambuscade of the [habeas] judge." (Citation omitted; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, supra, 80 Conn. App. 618. "This court is not compelled to consider issues neither alleged in the habeas petition nor considered at the habeas proceeding . . . ." *Smith* v. *Commissioner of Correction*, supra, 98 Conn. App. 693. Because the petitioner did not raise his present claim before the habeas court, we decline to afford it review.

*Riddick* v. *Commissioner of Correction,* 113 Conn. App. 456, 465, 966 A.2d 762, cert. granted on other grounds, 292 Conn. 913, 973 A.2d 663 (2009). Nothing in the record leads us to conclude that the court did not review all of the evidence before it. See id., 464–66.

The judgment is affirmed.

In this opinion the other judges concurred.