LEE VRNE KELLEY *v.* COMMISSIONER OF CORRECTION
(AC 25156)

Dranginis, Gruendel and Harper, Js.

Argued April 4—officially released July 19, 2005

*Richard C. Marquette*, special public defender, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

GRUENDEL, J. The petitioner, Lee Vrne Kelley,[1] appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that his trial counsel failed to provide effective assistance of counsel, as guaranteed by the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut, by (1) not conducting an adequate pretrial investigation and (2) failing to act in a variety of ways during the trial. The petitioner also claims that he is actually innocent and that the court

---

[1] The petitioner's name has been given various spellings throughout the court files and pleadings. The petitioner's name has been spelled, among other ways, as Lavern Kelly, Laverne Kelly, Levern Kelly, Leverne Kelly, Leeverne Kelly, Lee Verne Kelly, Leevrne Kelly, Lee Vrne Kelley and Leevrne Kelley. We have employed in this opinion that spelling of his name found in *State* v. *Kelley*, 229 Conn. 557, 643 A.2d 854 (1994).

failed to apply the correct legal standard to that claim. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the petitioner's appeal. The petitioner was found guilty by a jury of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and sexual assault in the third degree in violation of General Statutes § 53a-72 (a) (2). The court sentenced the petitioner to a term of eighteen years imprisonment. The Supreme Court affirmed the petitioner's conviction in *State* v. *Kelley*, 229 Conn. 557, 643 A.2d 854 (1994).

The petitioner subsequently filed a petition for a writ of habeas corpus. In counts two and three of his amended petition dated November 18, 2002, the petitioner claimed that his trial attorney, Barbara Lifton, failed to provide effective assistance of counsel by (1) not conducting an adequate pretrial investigation and (2) failing to act in a variety of ways during the trial. On January 20, 2004, the court issued its memorandum of decision denying the petition for a writ of habeas corpus. The court concluded that the petitioner had not met his burden of proving ineffective assistance of counsel as explained in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The court also concluded that on the basis of "the victim's testimony, [it could not] conclude that the trial outcome would have been different but for the performance of trial counsel and . . . judge[d] trial counsel's performance as meeting the standard of reasonableness under the circumstances." Thereafter, the petitioner filed a petition for certification to appeal, which the court granted on January 29, 2004. Additional facts will be set forth as necessary.

The petitioner claims that he was denied his constitutional right to effective assistance of counsel guaran-

teed by the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut. "Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a [petitioner] received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the federal constitution, and by article first, § 8, of the constitution of Connecticut. In *Strickland* v. *Washington*, [supra, 466 U.S. 687], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Citation omitted; internal quotation marks omitted.) *Toccaline* v. *Commissioner of Correction*, 80 Conn. App. 792, 797–98, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413, cert. denied sub nom. *Toccaline* v. *Lantz*, 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004). We address each of the petitioner's claims in turn.

I

The petitioner first claims that Lifton failed to provide effective assistance of counsel by not conducting an

adequate pretrial investigation. In count two of his amended petition for a writ of habeas corpus, the petitioner alleged generally that "[d]efense counsel failed to timely investigate the offense and identify petitioner's alibi defense." Later, in his brief to the habeas court, filed after oral argument in that court, the petitioner expounded on that general allegation by arguing (1) that Lifton failed to interview "a known witness [named] Howard Sanders, who would have supported defense theories of alibi or mistaken identity and who would have enabled counsel to cast reasonable doubt on the state's evidence," and (2) that if Lifton "had interviewed . . . Sanders, she would have learned that he would have testified that [the petitioner] was elsewhere when the crime was allegedly committed." He also argued that Lifton "had no contact whatsoever with any alibi witness," but failed to name specifically anyone other than Sanders.

In its memorandum of decision, the court stated that "Lifton testified that she had heard from either the petitioner or his wife that the victim had accused . . . Sanders of sexual assault in the past when she was a young teenager." The court then found that Lifton tried, but was unable, to locate Sanders and that "Lifton attempted to ascertain whether any police record existed with respect to a complaint of such attack and found none." With respect to whether Lifton adequately investigated any other potential witnesses, the court found Lifton's "testimony credible as to her pretrial attempts to interview the victim's mother, who refused to cooperate . . . ." The court did not express an opinion as to whether Lifton adequately investigated anyone other than Sanders or the victim's mother. At the conclusion of its decision, the court held that Lifton's performance, under the circumstances, met the standard of reasonably effective assistance as contemplated by *Strickland* v. *Washington*, supra, 466 U.S. 690–91.

Now, on appeal, in support of his claim that Lifton failed to provide effective assistance of counsel by not conducting an adequate pretrial investigation, the petitioner argues that Lifton (1) failed to interview "known witnesses" whom he asserts "would have testified that [he] was elsewhere when the crime was allegedly committed" and (2) failed to "contact . . . any of the state's witnesses or the uncalled material witnesses" whom, he suggests, would have supported a defense of third party guilt.

To the extent that we interpret the petitioner's arguments on appeal as meaning that the court improperly concluded that Lifton adequately investigated Sanders and the victim's mother, we disagree with the petitioner. A careful review of the record reveals that Lifton's performance, with respect to her attempts to investigate Sanders and the victim's mother as alibi witnesses, was not deficient. In that respect then, the claim that Lifton failed to provide effective assistance by not conducting an adequate pretrial investigation fails. See *Toccaline* v. *Commissioner of Correction*, supra, 80 Conn. App. 798 (petitioner, to prevail on claim of ineffective assistance of counsel, must first show counsel's performance was deficient).

To the extent that we interpret the petitioner's arguments on appeal as meaning that Lifton failed to investigate adequately known alibi witnesses other than Sanders and the victim's mother, we note that the petitioner, in his amended petition, at oral argument in the habeas court and in his brief to the habeas court, failed to raise that aspect of his ineffective assistance of counsel claim distinctly. As reflected in the habeas court's memorandum of decision, the petitioner primarily criticized Lifton's attempts to interview Sanders and the victim's mother. The court, therefore, neither ruled on nor decided whether Lifton adequately investigated known alibi witnesses other than Sanders and the vic-

tim's mother. Similarly, the petitioner never distinctly raised in the habeas court his second argument made on appeal, which was that Lifton failed to "contact . . . any of the state's witnesses or the uncalled material witnesses" whom, he suggests, would have supported a defense of third party guilt. The court, therefore, neither ruled on nor decided that aspect of his ineffective assistance of counsel claim, either.

"This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *Copeland* v. *Warden*, 26 Conn. App. 10, 13–14, 596 A.2d 477 (1991), aff'd, 225 Conn. 46, 621 A.2d 1311 (1993). The petitioner in *Oliphant* v. *Commissioner of Correction*, 80 Conn. App. 613, 836 A.2d 471 (2003), cert. denied, 268 Conn. 907, 845 A.2d 412 (2004), raised three claims on appeal to this court, two of which he did not raise in his habeas petition. At oral argument in the habeas court, his counsel briefly discussed one of those two claims, but the court neither ruled on nor decided either claim. Id., 618. Under those circumstances, this court declined to review either claim because to do so "would [have] amount[ed] to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) Id.

The circumstances in this case are not so dissimilar from those in *Oliphant* that we are persuaded to review the petitioner's implicit claim that Lifton failed to investigate adequately known witnesses other than Sanders and the victim's mother, and his claim that Lifton failed to "contact . . . any of the state's witnesses or the uncalled material witnesses" whom, he suggests, would have supported a defense of third party guilt. Moreover, we are mindful that the petitioner failed to file a motion for articulation requesting that the habeas court address those issues. See *Copeland* v. *Warden*, supra, 26 Conn.

App. 14; Practice Book § 66-5. Accordingly we decline to review those claims, as doing so would amount to an ambuscade of the habeas judge.[2]

## II

The petitioner next claims that Lifton failed to provide effective assistance of counsel by failing to act in a variety of ways during the trial. Quoting several paragraphs from counts two and three of his amended petition, the petitioner argues in his appellate brief that Lifton's failures included (1) failing to object to and to request rulings on certain aspects of the prosecutor's cross-examination of alibi witnesses, (2) failing to object to the prosecutor's reliance in opening and closing arguments on, what the petitioner classifies as, an "improper inference of recent fabrication of the alibi defense," (3) failing to cross-examine the victim about prior accusations of sexual assault by others against her, (4) failing to request that the court allow an examination of the victim outside the presence of the jury and (5) failing to except to the court's refusal to allow the petitioner to cross-examine the victim about alleged prior sexual attacks. In the concluding paragraph of his appellate brief, the petitioner lists several more alleged failures by Lifton, some of which were not raised in his amended petition and, therefore, were not addressed by the habeas court. For example, he argues that Lifton "did not advise him as to the evidence, defenses and

---

[2] Even if the petitioner had distinctly raised those claims in the habeas court, we note that he neither identified nor called to testify in the habeas trial the witnesses whom he asserts would have testified at the underlying trial that he was elsewhere when the crime allegedly was committed and that a third party was guilty. Under those circumstances, this court would have been unable to conclude that the petitioner showed that Lifton's assistance was ineffective. See *Henry* v. *Commissioner of Correction*, 60 Conn. App. 313, 321, 759 A.2d 118 (2000) (holding that habeas court properly concluded that trial counsel's failure to interview and to call to testify certain witnesses did not constitute ineffective assistance of counsel where petitioner failed to call to testify same witnesses during habeas trial).

strategy . . . did not advise him whether to testify . . . and . . . failed to prepare for trial to [present] and exclude evidence, cross-examine witnesses and set out a theory of defense . . . ."

Of those alleged failures that the petitioner did raise in his amended petition and again on appeal, numbers one through five previously mentioned, the habeas court addressed only the third alleged failure, which was that Lifton failed to cross-examine the victim about a prior accusation of sexual assault against her by someone other than the petitioner. With respect to that alleged failure, the habeas court found that Lifton had attempted to cross-examine the victim, but that the trial court refused to allow Lifton to pursue that line of questioning. The habeas court then held that Lifton could not be blamed for the trial court's refusal and that it was a matter better suited for review on appeal, not a matter properly before the habeas court.[3]

Putting aside that some of those aforementioned alleged failures are raised for the first time on appeal and should be dismissed on that basis; see *Oliphant* v. *Commissioner of Correction*, supra, 80 Conn. App. 618; we note that none, not even those appearing in the petitioner's amended petition, is accompanied by supporting facts, law and reasoned analysis. The petitioner addresses those alleged failures in a cursory manner at best. They constitute nothing more than bare assertions unsupported by fact, reason or analysis. Accordingly, we decline to consider the petitioner's claim that Lifton failed to provide effective assistance of counsel by fail-

[3] The habeas court also addressed several allegations that the petitioner did not expressly raise in his amended petition, but did raise in his brief to the habeas court. Specifically, the habeas court discussed, as they related to whether Lifton provided ineffective assistance, the following issues: (1) the extent of Lifton's experience in handling criminal trials, (2) Lifton's failure to request DNA testing and (3) Lifton's choice not to call the victim's mother to testify.

ing to act in those ways alleged by the petitioner. See *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control,* 266 Conn. 108, 120, 830 A.2d 1121 (2003) ("[a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly" [internal quotation marks omitted]); *State* v. *Mims,* 61 Conn. App. 406, 410, 764 A.2d 222 (requiring, as prerequisite for appellate review, adequate briefing of issue), cert. denied, 255 Conn. 944, 769 A.2d 60 (2001).

## III

Finally, the petitioner claims that he is actually innocent and that the court failed to apply the correct legal standard in reviewing that claim. The respondent, the commissioner of correction, argues, in part, that we should decline to review the petitioner's actual innocence claim because he raised the claim for the first time in his brief on appeal and did not raise it as a ground for relief in his amended petition dated November 18, 2002. Although the respondent correctly points out that the petitioner did not raise a separate claim of actual innocence expressly in his November 18, 2002 amended habeas petition, we note that his claim of actual innocence is the basis of his claim, found in count two of his November 18, 2002 petition, that Lifton failed to provide effective assistance of counsel by "fail[ing] to timely investigate the offense and *identify petitioner's alibi defense.*"[4] (Emphasis added.) See *Baillargeon* v. *Commissioner of Correction,* 67 Conn. App. 716, 732–33, 789 A.2d 1046 (2002) (reviewing claim of actual

---

[4] In a prior version of the petitioner's habeas petition, he did raise a separate claim of actual innocence. In count five of his amended habeas petition dated June 10, 1997, and received by the court on June 12, 1997, the petitioner expressly claimed that he was actually innocent. The record reveals that on July 3, 1997, the respondent filed a motion requesting that the court dismiss count five because it "fail[ed] to allege any facts to support [the] petitioner's claim of actual innocence." The court did not rule on that motion; however, all subsequent amended habeas petitions filed by the petitioner do not contain a separate actual innocence claim.

innocence despite absence of claim from habeas petition because petitioner continuously professed innocence and alleged in final amended habeas petition that counsel was ineffective due to inadequate investigation into petitioner's claims of actual innocence).

"Even without an underlying constitutional violation that affected the result of his criminal trial, a substantial claim of actual innocence is cognizable by way of a petition for a writ of habeas corpus . . . . To prevail, a petitioner must satisfy two criteria. First, [he] must establish by clear and convincing evidence that, taking into account all of the evidence—both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial—he is actually innocent of the crime of which he stands convicted. Second, [he] must also establish that, after considering all of that evidence and the inferences drawn therefrom as the habeas court did, no reasonable fact finder would find the petitioner guilty of the crime." (Citation omitted; internal quotation marks omitted.) Id., 733.

Under those criteria, the petitioner cannot prevail on his claim of actual innocence. The petitioner failed to introduce any evidence before the habeas court of actual innocence. As mentioned in footnote 2, for example, the petitioner failed to produce or even to identify certain witnesses whom he alleged would have testified that he was elsewhere when the crime allegedly was committed. Moreover, a reasonable fact finder, after considering all of the evidence adduced at both the criminal and habeas corpus trials, could find the petitioner guilty of the crimes with which he was charged. Accordingly, we conclude that the petitioner did not satisfy either part of the test required to show actual innocence.

The judgment is affirmed.

In this opinion the other judges concurred.