## ROBERT SMITH *v.* COMMISSIONER OF CORRECTION
### (AC 26622)

Bishop, Harper and Pellegrino, Js.

Argued September 20—officially released December 12, 2006

*Anthony E. Parent*, special public defender, for the appellant (petitioner).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Christopher A. Pelosi*, assistant state's attorney, for the appellee (respondent).

---

*Opinion*

PER CURIAM. The petitioner, Robert Smith, appeals after the trial court denied his petition for certification to appeal from the court's judgment denying his petition for a writ of habeas corpus. Although the amended petition alleged ineffective assistance of trial and appellate counsel, the petitioner on appeal argues that at trial there was an unconstitutional variance between the crimes charged and the crimes for which he was convicted. Because the petitioner did not raise the issue of variance either at trial on direct appeal or at the habeas hearing, and because we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal, we dismiss the appeal.

The following facts and procedural history are relevant to the petitioner's appeal. After a jury trial, the petitioner was convicted of conspiracy to commit kidnapping in the second degree and conspiracy to commit larceny in the first degree. He was acquitted of kidnapping in the second degree, larceny in the first degree, robbery in the first degree and conspiracy to commit robbery in the first degree.

The underlying facts reveal that the victim, Edward Lepak, was an automobile salesman at a dealership in Enfield. When two men entered the dealership and requested of Lepak a test drive in a vehicle they were interested in purchasing, he agreed. Lepak later identified the petitioner as the person who drove the vehicle. Lepak also testified that he was seated in the front passenger seat and that another person sat in the rear passenger seat behind him. During the test drive, the man in the rear seat grabbed Lepak, put what Lepak thought to be a gun to Lepak's head and demanded that Lepak place the contents of his pockets into the

vehicle's glove compartment. Lepak emptied his pockets and placed cash, credit cards and an identification card into the glove compartment. He eventually was allowed to exit the vehicle, and the two men drove off.

The petitioner's defense at trial was that Lepak misidentified him as the driver of the vehicle at the time of the carjacking. At trial, the respondent, the commissioner of correction, called Jessica Vasquez, the petitioner's former girlfriend, who testified that the petitioner told her that he drove two friends to the Enfield car dealership and that "the other fellows did everything . . . he was not [an assailant]." The petitioner claimed that the respondent was permitted to offer the testimony of Vasquez to prove that he was an "accessory" to the crime, which was not charged, rather than to prove that he was a carjacker, as alleged in the charging documents, and that use of Vasquez' testimony in this manner constituted a variance that deprived the petitioner of his constitutional rights.[1]

The amended petition for habeas corpus, filed June 30, 2004, alleged ineffective assistance of trial and appellate counsel, and these were the only issues argued at the habeas hearing. Thus, in order to prevail in that proceeding, the petitioner had to establish both that the performance of counsel was deficient and that those deficiencies prejudiced him. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In the appeal before us, the ineffective assistance of counsel claims were argued tangentially. The thrust of the petitioner's brief and oral argument concentrated on the issue of variance,[2] which is being raised

---

[1] The court found that it was the testimony of Vasquez that "helped to establish the conspiracies of which the petitioner was convicted."

[2] The habeas court summarily dismissed the claim of ineffective appellate counsel because the petitioner stated he was satisfied with his performance and made no contrary claim here. In this appeal, the petitioner admits that his trial counsel "formulated a vigorous defense" to the crimes that were charged.

for the first time in this appeal. On appeal, the petitioner must satisfy his burden of persuasion that the habeas court's denial of certification to appeal was a clear abuse of discretion. See *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995). Having failed to meet this burden, this appeal is dismissed.

"This court is not bound to consider claimed errors unless it appears on the record that the question was *distinctly raised* . . . and was ruled upon and decided by the court adversely to the appellant's claim. . . . To review [claimed errors] now would amount to an ambuscade of the [habeas] judge." (Citation omitted; emphasis added; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 80 Conn. App. 613, 618, 836 A.2d 471 (2003), cert. denied, 268 Conn. 907, 845 A.2d 412 (2004). This court is not compelled to consider issues neither alleged in the habeas petition nor considered at the habeas proceeding, and, contrary to the petitioner's contentions, we do not agree that our decision in *Kelley* v. *Commissioner of Correction*, 90 Conn. App. 329, 876 A.2d 600, cert. denied, 276 Conn. 909, 886 A.2d 423 (2005), would allow the petitioner for the first time to advance a theory not previously considered.

In *Kelley*, the petitioner claimed that he was actually innocent of the crime charged and that the court applied the wrong legal standard with regard to his claim. Id., 338. The respondent argued that the petitioner's actual innocence claim should not be reviewed because the petitioner raised it for the first time on appeal, rather than in his habeas petition. Id. This court decided to review the actual innocence claim after concluding that such a claim was implicit in the petitioner's petition: "Although the respondent correctly points out that the petitioner did not raise a separate claim of actual innocence expressly in his . . . amended habeas petition,

we note that his claim of actual innocence is the basis of his claim, found in count two of his . . . petition, that [petitioner's attorney] failed to provide effective assistance of counsel by 'fail[ing] to timely investigate the offense and *identify petitioner's alibi defense.*' " (Emphasis in original.) Id.

*Kelley* can be distinguished from this case because here, it cannot be said that the petitioner's variance claim, if any variance in fact existed, can be gleaned from the amended habeas petition. The ineffective assistance of counsel claims raised in the amended petition criticize counsel strategies, at both the trial and appellate levels. On the basis of our review of the allegations of the amended petition, we cannot construe them to find that the petitioner's trial and appellate counsel failed to bring to the court's attention the variance between the allegations of the information and the jury's verdict. Finally, *Kelley* also recognized that this court is not bound to hear claims not distinctly raised and decided by the habeas court; see id., 335; and it cannot be said that the petitioner's variance claim distinctly was raised.

The habeas court's dismissal of the petitioner's amended petition for a writ of habeas corpus was predicated on a factual review of the petitioner's claims and a determination that the petitioner had failed to satisfy his burden under *Strickland.* After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that the resolution of the underlying claim involves issues that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction,* 90 Conn. App. 420, 423–24, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d

1246 (2005), cert. denied sub nom. *Santiago* v. *Lantz*, 547 U.S. 1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006).

The court did not abuse its discretion in denying the petition for certification to appeal from the denial of the petition for a writ of habeas corpus, and we therefore dismiss the appeal.

The appeal is dismissed.