### RAFAEL FERNANDEZ *v.* COMMISSIONER OF CORRECTION
### (SC 18247)

Rogers, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued February 18—officially released June 2, 2009

*Martin Zeldis*, chief of legal services, for the appellant (petitioner).

*Toni M. Smith-Rosario*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Michael O'Hare*, supervisory assistant state's attorney, and *Eric T. Lohr*, former assistant state's attorney, for the appellee (respondent).

*Opinion*

ROGERS, C. J. The petitioner, Rafael Fernandez, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. In this appeal,[1] the petitioner asks us to determine whether the habeas

---

[1] The habeas court granted the petitioner's petition for certification to appeal, and the petitioner appealed from the judgment of the habeas court to the Appellate Court. This court thereafter transferred the appeal to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

court properly found that the actions of the petitioner's trial counsel, William T. Gerace, in obtaining the trial court's permission to withdraw from representing the petitioner at his criminal trial, did not amount to ineffective assistance of counsel. We affirm the judgment of the habeas court.

The following relevant facts and procedural history are set forth in our decision on the petitioner's direct appeal from his convictions. See *State* v. *Fernandez*, 254 Conn. 637, 758 A.2d 842 (2000), cert. denied, 532 U.S. 913, 121 S. Ct. 1247, 149 L. Ed. 2d 153 (2001). On May 29, 1998, a three judge panel found the petitioner guilty of arson in the first degree in violation of General Statutes § 53a-111 (a) (1) and murder in violation of General Statutes § 53a-54a (a). Id., 646. The petitioner thereafter was sentenced to a total effective term of fifty-five years imprisonment. Id.

On direct appeal from his conviction, the petitioner claimed that the trial court abused its discretion in granting Gerace's pretrial oral motion to withdraw and that, as a result, he was deprived of his rights to the assistance of counsel and to counsel of choice under article first, § 8, of the constitution of Connecticut[2] and under the sixth[3] and fourteenth[4] amendments to the United States constitution. Id., 646–47. This court rejected the petitioner's claims.[5] Id., 649–53.

[2] Article first, § 8, of the constitution of Connecticut provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . ."

[3] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." The sixth amendment right to counsel is made applicable to state prosecutions through the due process clause of the fourteenth amendment. See *Gideon* v. *Wainwright*, 372 U.S. 335, 342, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

[4] The fourteenth amendment to the United States constitution, § 1, provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

[5] We reviewed the petitioner's unpreserved claims under the framework of *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). See *State* v. *Fernan-*

Approximately eighteen months after this court affirmed his conviction, the petitioner filed a habeas petition. See *Fernandez* v. *Commissioner of Correction,* 86 Conn. App. 42, 43, 859 A.2d 948 (2004). The habeas court dismissed that petition on the ground that the petitioner's claims were identical to those discussed and ruled on by this court in the petitioner's direct appeal, and the Appellate Court affirmed the judgment of the habeas court.[6] Id., 44.

On April 1, 2005, the petitioner initiated the habeas action that underlies the present appeal. In his amended petition for a writ of habeas corpus, the petitioner claims that Gerace rendered ineffective assistance by virtue of the manner in which he withdrew as the petitioner's trial counsel. Specifically, the petitioner alleges that Gerace never discussed with the petitioner his intent to withdraw or his reasons for doing so and failed to return the petitioner's retainer. The petitioner further claims that Gerace's conduct deprived him of his constitutional rights to counsel and to counsel of choice during critical stages of the criminal proceedings. Finally, the petitioner claims that his attorney during the first habeas trial, Timothy Aspinwall, rendered ineffective assistance by failing to raise a claim of ineffective assistance of counsel in the first habeas petition.

After a hearing on the habeas petition that is the subject of this appeal, the habeas court denied the petition. In its memorandum of decision, the habeas court found no concrete evidence that Gerace's performance

---

*dez,* supra, 254 Conn. 648–49. In addition, we viewed article first, § 8, of the constitution of Connecticut and the sixth amendment to the United States constitution as essentially coextensive. Id., 652.

[6] The petitioner claimed that the habeas court had failed to address his claim of ineffective assistance of counsel, but the Appellate Court concluded that the petitioner had failed to raise such a claim because the allegations in his petition focused "not on defense counsel's conduct but on the court's conduct . . . ." *Fernandez* v. *Commissioner of Correction,* supra, 86 Conn. App. 50.

had been deficient, notwithstanding his failure to file a written motion to withdraw. The habeas court further found that Gerace's actions, even if they had been deficient, had not deprived the petitioner of his sixth amendment right to counsel or rendered the result of the criminal trial unreliable in any other way. The habeas court also found that, in light of its conclusions with respect to Gerace's representation, Aspinwall had not been deficient in failing to raise the present claims in the first habeas action.

On appeal from the judgment of the habeas court, the petitioner challenges the habeas court's finding that Gerace did not render ineffective assistance. Citing *United States* v. *Gonzalez-Lopez*, 548 U.S. 140, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006), the petitioner argues that Gerace's withdrawal constituted structural error that is per se prejudicial, and that "once it is determined that . . . Gerace was ineffective in the manner in which he withdrew and was allowed to withdraw as counsel of choice . . . the petition should be granted without further consideration of harm or whether the outcome would have been different had Gerace remained as counsel." We reject the petitioner's claim. Consequently, we also reject his claim that the habeas court improperly failed to find that Aspinwall's performance was constitutionally defective by virtue of his failure to raise the claims included in the present habeas petition.

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . The application of the habeas court's factual findings to the pertinent legal standard, however, presents a mixed question of law and fact, which is subject to plenary review. . . .

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all criti-

cal stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . As enunciated in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], this court has stated: It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Citations omitted; internal quotation marks omitted.) *Bryant* v. *Commissioner of Correction*, 290 Conn. 502, 509–10, 964 A.2d 1186 (2009). "[A] reviewing court can find against a petitioner on either ground, whichever is easier." (Internal quotation marks omitted.) *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 832–33, 950 A.2d 1220 (2008).

In *United States* v. *Gonzalez-Lopez*, supra, 548 U.S. 146–48, the United States Supreme Court distinguished the right to counsel of choice from the right to effective assistance of counsel. "The earliest case generally cited for the proposition that the right to counsel is the right to the effective assistance of counsel, *McMann* v. *Richardson*, 397 U.S. 759, [771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763] (1970), was based on the [d]ue [p]rocess [c]lause rather than on the [s]ixth [a]mendment . . . . And even our recognition of the right to effective counsel within the [s]ixth [a]mendment was a consequence of

our perception that representation by counsel is critical to the ability of the adversarial system to produce just results. *Strickland* [v. *Washington*, supra, 466 U.S. 685]. Having derived the right to effective representation from the purpose of ensuring a fair trial, we have, logically enough, also derived the limits of that right from that same purpose. . . . The requirement that a defendant show prejudice in effective representation cases arises from the very nature of the specific element of the right to counsel at issue there—effective (not mistake-free) representation. Counsel cannot be ineffective unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have). Thus, a violation of the [s]ixth [a]mendment right to effective representation is not complete until the defendant is prejudiced. [Id.]

"The right to select counsel of one's choice, by contrast, has never been derived from the [s]ixth [a]mendment's purpose of ensuring a fair trial. It has been regarded as the root meaning of the constitutional guarantee. . . . Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a [s]ixth [a]mendment violation. Deprivation of the right is complete when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received. To argue otherwise is to confuse the right to counsel of choice—which is the right to a particular lawyer regardless of comparative effectiveness—with the right to effective counsel—which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed." (Citations omitted; internal quotation marks omitted.) *United States* v. *Gonzalez-Lopez*, supra, 548 U.S. 147–48.

In light of the foregoing discussion, it is clear that a petitioner claiming ineffective assistance of counsel

continues to bear the burden of proving prejudice under *Strickland*. The fact that trial counsel's allegedly deficient performance resulted in his withdrawal as the petitioner's attorney of choice does not eliminate the necessity, under both *Strickland* and *Gonzalez-Lopez*, that the petitioner demonstrate that he was "*erroneously* prevented from being represented by the lawyer he wants . . . ." (Emphasis added.) Id., 148. Thus, the petitioner's synthesis of *Gonzalez-Lopez* and *Strickland* is simply an attempt to bootstrap his ineffective assistance of counsel claim into a claim that he improperly was deprived of his constitutional right to counsel of choice—a claim that we already have rejected. *State v. Fernandez*, supra, 254 Conn. 649–53 (trial court did not abuse discretion in granting trial counsel's motion to withdraw; granting of motion did not deprive defendant of right to counsel or counsel of choice). The petitioner cannot circumvent the prior decision of this court by replacing the label "abuse of judicial discretion" with the label "deficient performance" as the cause of Gerace's withdrawal.

The habeas court concluded that, despite having eaten twice from the same apple, the petitioner failed to demonstrate that he improperly had been denied his right to be assisted by Gerace or that he improperly had been prevented from being represented by Gerace. The habeas court's conclusion is consistent with our decision in the petitioner's direct appeal. See id. Accordingly, we conclude that the habeas court properly denied the petitioner's petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other justices concurred.