### AMIR BROOKS *v.* COMMISSIONER OF CORRECTION
### (AC 30809)

Gruendel, Alvord and Bear, Js.

Argued January 13—officially released April 19, 2011

*Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Kelly A. Masi*, assistant state's attorney, for the appellee (respondent).

*Opinion*

BEAR, J. The petitioner, Amir Brooks, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his trial counsel

had rendered ineffective assistance.[1] He also claims that the habeas court erred in its analysis of justification and motive and that it failed to apply the proper legal standard in determining whether the petitioner had proven prejudice. We dismiss the appeal.

The following facts, as set forth by this court in the petitioner's direct appeal, are relevant to the present appeal. "The [petitioner's] arrest and subsequent conviction arise out of a rather bizarre set of circumstances. From the evidence, the jury reasonably could have found that while the [petitioner] was sitting on some steps in front of a multitenant building in an incoherent state, he was robbed by two young boys who went through his pockets, stealing his money, beeper and cell phone. Jennifer Allen, a female tenant in that building who witnessed the incident, and Fletcher Moore, the ultimate victim in this criminal matter, went to the [petitioner's] aid and attempted to help him as he was falling, stumbling and bleeding from a cut on his face." *State* v. *Brooks*, 88 Conn. App. 204, 205–206, 868 A.2d 778, cert. denied, 273 Conn. 933, 873 A.2d 1001 (2005).

"On July 15, 2002, at about 10 a.m., the [petitioner] informed his girlfriend, Natalie Benjamin, with whom he shared an apartment, that he was leaving to go to a corner store. Instead, he proceeded downstairs to Allen's apartment, knocked on her door and angrily demanded to see Moore. When Moore appeared, the

---

[1] We note that there was an error made in the clerk's office of the Superior Court wherein the order denying the petition for certification to appeal improperly was recorded as having been granted by the court. Because of this error, the parties, in their appellate briefs, both stated that the petition seeking certification had been granted, and, therefore, they failed to brief the threshold issue of whether the court abused its discretion in denying the petition for certification to appeal. Once the error was recognized by Appellate Court staff, the trial court was notified of the error, and it notified the parties. We then ordered supplemental briefs addressed to whether the court had abused its discretion in denying the petition for certification to appeal.

[petitioner] demanded that Moore return the items stolen from the [petitioner] two weeks earlier. Allen explained to the [petitioner] that he had been robbed by two young boys, and that she and Moore simply had tried to help him, but the [petitioner] was adamant that Moore return the stolen items. The [petitioner] eventually left the apartment, as did Allen. Moore asked Allen to lock the apartment door on her way out, as he did not 'want [the petitioner] coming up in here.' To be sure that she did so, Moore checked the door after she left. Shortly afterward, while on the telephone, Moore realized that the [petitioner] had gained entry into the apartment and was standing a short distance away, glaring at him. Without delay, the [petitioner] charged Moore, but was thrown into a window. Moore testified that at that moment, he thought he saw a weapon in the [petitioner's] pocket, so he grabbed a four foot long steel pipe to use to defend himself. The [petitioner] wrestled the pipe from Moore and started swinging it at him, eventually striking Moore's hand, causing a laceration and other injuries. Moore then obtained a second pipe, and the altercation continued. At one point, the [petitioner] attempted to bite Moore's right hand. Allen later returned and observed the [petitioner] chasing Moore with the pipe." Id., 207–208. The police were called, and the petitioner was arrested. Id., 206.

The petitioner ultimately was charged with and, after a jury trial, convicted of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (1), and assault in the second degree in violation of General Statutes § 53a-60 (a) (2). Id., 205. We affirmed the petitioner's conviction on direct appeal. Id., 217. On May 10, 2007, the petitioner filed, pro se, an amended petition for a writ of habeas corpus, alleging ineffective assistance of counsel. After a hearing, which took place over

the course of two days, the habeas court in an oral decision denied the petition for a writ of habeas corpus and denied the petition for certification to appeal.[2] This appeal followed.

Initially, we set forth the applicable standard of review and legal principles that guide us in our analysis. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. Id., 612. We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal." (Internal quotation marks omitted.) *Atkinson* v. *Commissioner of Correction*, 125 Conn. App. 632, 637, 9 A.3d 407 (2010).

To prove a constitutional claim of ineffective assistance of counsel, a habeas petitioner must establish both deficient performance on the part of counsel and actual prejudice as a result of counsel's deficient performance. *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence

---

[2] See footnote 1 of this opinion.

displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a [petitioner] must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied. . . . [A] reviewing court can find against a petitioner on either ground, whichever is easier." (Citation omitted; internal quotation marks omitted.) *Fernandez* v. *Commissioner of Correction*, 291 Conn. 830, 834–35, 970 A.2d 721 (2009).

I

The petitioner claims that the court abused its discretion in denying his petition for certification to appeal and improperly rejected his claim of ineffective assistance of counsel. He argues that in considering his claim of ineffective assistance, "the habeas court failed to employ the correct analysis regarding the adequacy of the investigation and the relationship between the scope of the investigation and tactical decisions." He also argues that "the court relied on the assumption that counsel's actions were tactical [when it considered the petitioner's] claims concerning investigation, cross-examination of [a] prosecution witness, failure to impeach, and closing argument." The petitioner's analysis focuses on his claim that his trial counsel conducted an inadequate investigation because she failed to ask Benjamin whether she had witnessed the start of the fight and had seen who threw the first punch. The state argues that the habeas court properly found that counsel performed with due diligence in conducting her investigation. We agree with the state.

Our Supreme Court has stated that "[c]onstitutionally adequate assistance of counsel includes competent pretrial investigation. . . . Hindsight is irrelevant. . . . [T]he issue, therefore, is not what counsel should have

done to constitute the proper representation of the [petitioner] considering the case in retrospect, but rather, whether in the circumstances, as viewed at the time, the [petitioner] received effective assistance of counsel." (Internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction*, 89 Conn. App. 850, 861–62, 877 A.2d 11, cert. denied, 275 Conn. 905, 882 A.2d 672 (2005).

In its oral memorandum of decision, the habeas court found the petitioner's trial counsel to be credible and the petitioner not to be credible. It also found that if Benjamin presented herself to the jury in the same manner that she had presented herself before the habeas court, the jury "could very well" consider her not to be credible because much of what she said was inconsistent and could be deemed unreliable and that her in-court testimony and her prior statement differed in substance. The court stated: "In terms of the investigation, the evidence is clear . . . the attorney . . . employed the services of at least one investigator . . . visited the location of the alleged crimes [and] interviewed a number of witnesses in the presence of an investigator either in person or over the telephone." It found that "counsel analyzed the information in [the investigative] reports, and evaluated the information, discussed the information with [the petitioner] and made certain tactical decisions based upon a review of evidence." The court further found that counsel kept the petitioner informed by writing to him and discussing with him his options, including the state's plea offers. Specifically as it related to the petitioner's claim that his counsel had conducted an inadequate investigation, the court concluded that "counsel at trial and pretrial certainly performed with due diligence and in no way a deficient manner." The court then specifically found that the petitioner had failed to establish either deficient performance or prejudice as it related to this claim.

Our own review of the record does not persuade us otherwise.[3]

Although the petitioner argues that his counsel failed to ask Benjamin whether she had witnessed the start of the fight or who had thrown the first punch, the court found that Benjamin's testimony was inconsistent and that her in-court testimony substantially was different from her earlier statement. The court found that her testimony could be deemed unreliable. The petitioner argues that the court incorrectly attributed this lack of questioning on the part of his trial counsel to a tactical decision. The court, however, did not find that trial counsel had failed to ask appropriate questions or that there was a lack of questioning during the investigation. Rather, the court concluded, on the basis of the evidence presented during the habeas trial, that the petitioner's counsel acted appropriately and performed with due diligence in conducting the pretrial investigation. The record supports this conclusion. Accordingly, we conclude that the petitioner has failed to demonstrate that his counsel was deficient in the manner in which she conducted her investigation.

II

The petitioner also claims that the habeas court erred in its analysis of justification and motive. He explains: "The court confused the state's claimed motive (the earlier robbery) for the theory of self-defense. Paragraph 12 (F) [of the petitioner's amended petition for a writ of habeas corpus] alleged that trial counsel failed to adequately rebut the state's claimed motive. Rather than analyzing the evidence of motive and counsel's actions with respect to that evidence, the court ruled that the motive evidence was insufficient to support a self-defense claim." The petitioner argues that the

---

[3] We note that the petitioner does not challenge any of the factual findings made by the habeas court.

habeas court improperly concluded that "there was no prejudice arising from trial counsel's alleged failures respecting the introduction of evidence of a claimed motive, and the defense['s] failure to rebut the motive." The petitioner claims that the court was unable to apply the law to the facts because it misunderstood the petitioner's claim and that because of this error, he is entitled to a new habeas trial. We are not persuaded.

Paragraph 12 (F) of the petitioner's amended habeas petition alleged that the petitioner had been denied the effective assistance of trial counsel because "[t]rial counsel failed to introduce evidence which rebutted the state's theory regarding [the] petitioner's motivation for the crimes for which he was convicted." In relation to this claim, the court stated: "This court finds that there was no basis to conclude [that the] petitioner's claim has merit. Assuming arguendo that [the] petitioner's claim is premised on this theory that the petitioner had some right to address [the victim] because he believed [the victim] was in possession or was involved in the prior robbery, does not amount to a justification defense. Nor does it serve in any way to address the issue of motive, in as much as the court recognizes that motive is not an essential element of any of the offenses for which the [petitioner] stands guilty before the jury. And there's no shortcoming in defense counsel's claimed failure in that regard."

The petitioner argues that the court "conflated the justification defense and the prosecution's claimed motive. By failing to focus on the actual claim . . . the court failed to apply the *Strickland* standard. Instead, the court simply found that the state's evidence of motive did not support a self-defense claim." We disagree.

The court clearly found that the petitioner's trial counsel had no shortcomings when it came to the issue

of motive. The court also stated that *even if* it assumed, arguendo, that this claimed deficiency was premised on the petitioner's self-defense theory, it would have no merit. Rather than conflating the issue of motive and the defense of justification, which was not an issue raised in the habeas trial, we conclude that the court was explaining that the issue of motive did not have bearing on the petitioner's justification defense.[4] Accordingly, we conclude that this claim is without merit.

### III

Finally, we address the petitioner's claim that "[t]he habeas court explicitly applied an incorrect legal standard in determining whether prejudice had been proven" on his ineffective assistance of counsel claim. He argues that the court "employed an improperly high standard for proving prejudice, stating that the standard was that the petitioner had to prove that the result *necessarily* would have been different. . . . As a result of applying the incorrect standard, the habeas court could not and did not reach a proper decision on the prejudice arising from trial counsel's performance." (Emphasis in original.) The petitioner contends that if we agree with his claim, he is entitled to a new habeas trial.[5] We are not persuaded.

A habeas petitioner will succeed on a constitutional claim of ineffective assistance of counsel, only if he

[4] Furthermore, the petitioner has failed to set forth any shortcoming in his counsel's handling of the issue of motive. He points to no evidence that would rebut the state's theory, nor does he argue what counsel should have done differently. Quite to the contrary, in the habeas trial, both Allen and Benjamin offered uncontradicted testimony regarding the facts related to the petitioner's motivation. They testified that the petitioner believed that the victim had robbed him and that the petitioner was upset about this.

[5] The state conceded during oral argument before this court that the habeas court had made a misstatement of law but argued that the court also correctly referenced the correct *Strickland* test. Accordingly, the state argues, the record does not demonstrate that the court used the higher burden when considering the petitioner's claim.

can establish both deficient performance and actual prejudice. See *Strickland* v. *Washington*, supra, 466 U.S. 687; *Fernandez* v. *Commissioner of Correction*, supra, 291 Conn. 834–35. When we review on appeal the propriety of the habeas court's ruling on a petitioner's claim of ineffective assistance, we can find against a petitioner if he fails to establish either ground. *Fernandez* v. *Commissioner of Correction*, supra, 835.

In this claim, the petitioner attacks the habeas court's purported misstatement of the law regarding the prejudice prong of his ineffective assistance of counsel claim. He does not discuss, however, the court's finding that he failed to prove that counsel provided deficient performance. In its decision, the court specifically found that trial counsel was "quite diligent and, contrary to being deficient, met all the applicable standards of care in rendering a professional and sincere and dedicated defense for [the petitioner] . . . . In as much as the petitioner has failed to establish either prejudice or deficient performance . . . the petition for a writ of habeas court is denied."

Even if we were to assume, without deciding, that the court used the incorrect legal standard for determining prejudice, the petitioner has failed to prove that counsel's performance in any way was deficient. Having failed to meet his burden of proof under the first prong of *Strickland*, we conclude the petitioner has failed to prove the merit of his claim.

Having reviewed the record, and for the reasons set forth previously, we conclude that the petitioner failed to establish that the issues he has raised are debatable among jurists of reason, that a court could have resolved them in a different manner or that the questions he has raised are adequate to deserve encouragement to proceed further. Accordingly, we conclude that the habeas court did not abuse its discretion in denying

the petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus.

The appeal is dismissed.

In this opinion the other judges concurred.