******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MICHAEL PIRES, SR. *v.* COMMISSIONER
OF CORRECTION
(AC 37693)

Sheldon, Beach and Pellegrino, Js.

*Argued January 17—officially released June 20, 2017*

(Appeal from Superior Court, judicial district of
Tolland, Oliver, J.)

*Peter Tsimbidaros*, for the appellant (petitioner).

*Paul J. Narducci*, senior assistant state's attorney,
with whom, on the brief, was *Michael L. Regan*, state's
attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Michael Pires, Sr., appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. He claims that the habeas court erred in failing to conclude that his trial lawyers provided ineffective assistance by failing to adequately convey to the trial court his desire to represent himself.[1] We affirm the judgment of the habeas court.[2]

The following facts and procedural history, drawn from the Supreme Court's opinion in the petitioner's direct appeal; see *State* v. *Pires*, 310 Conn. 222, 77 A.3d 87 (2013); are relevant to this appeal. The petitioner was charged with murder in connection with a 2004 drug related homicide. Id., 225. After several unsuccessful attempts to dismiss his trial counsel, Special Public Defender Linda Sullivan, the petitioner and Sullivan attended a hearing on December 20, 2005, before the trial court, *Handy, J.* Id., 225–26. During the hearing, Sullivan informed Judge Handy that the petitioner had refused to discuss the case with her. Id., 233. The petitioner then indicated that he wanted to " 'fire' " Sullivan. Id., 233–34. After explaining to the petitioner that he was entitled to an attorney but not necessarily to an attorney of his choice, Judge Handy instructed the petitioner and Sullivan to convene privately, work things out, and then return to the courtroom. Id., 234–35. When they returned, Sullivan told Judge Handy: "Well, I did go downstairs and attempt to talk to [the petitioner]. He did want to discuss strategy with me. *He indicated now that he wishes to represent himself in this matter. I informed him that I didn't think Your Honor was going to allow him to represent himself on a murder charge simply because that would be much too dangerous and it would not be in his best interest.* And that's about where we stand, Your Honor." (Emphasis altered; internal quotation marks omitted.) Id., 235. The petitioner did not reiterate to the court a desire to represent himself, nor did Judge Handy inquire further into the matter. Id.

Sullivan subsequently filed a motion to withdraw as counsel and, on March 8, 2006, Judge Handy granted her motion. Judge Handy appointed attorneys Bruce Sturman and Kevin Barrs to represent the petitioner. Id., 235. The petitioner filed a pro se motion to dismiss Sturman and Barrs at the start of trial on August 2, 2006, but withdrew the motion the following day. Id., 226. Following a jury trial, the petitioner was convicted of murder.

Prior to sentencing, the petitioner filed a handwritten "motion to dismiss," which the trial court, *Schimelman, J.*, addressed at the October 13, 2006 sentencing hearing. Id., 250. During argument on the motion, the petitioner levied complaints about the evidence and facts

of the case and indicated that he wanted to "dismiss" Barrs and Sturman prior to the sentencing portion of the hearing. Id. Judge Schimelman, interpreting the petitioner's motion as a request for self-representation, denied the motion[3] and sentenced the petitioner to sixty years imprisonment. Id., 225, 250–51. The Supreme Court upheld the petitioner's conviction on direct appeal.[4] Id., 255.

Thereafter, the petitioner filed an amended petition for a writ of habeas corpus, alleging a single claim of ineffective assistance of counsel. The petitioner alleged that he was represented at trial by Sullivan, Sturman, and Barrs, and that their "performance was deficient because they failed to adequately convey to the court that the petitioner wished to represent himself." The petition further alleged that there is a reasonable probability that, "but for the petitioner's trial counsel's deficient performance," the result of the criminal proceedings would have been different.

The habeas court held a trial on October 31, 2014, at which Sullivan, Sturman, and Barrs testified. The petitioner did not testify. The habeas court denied the petition in a memorandum of decision filed January 16, 2015. After concluding that the petitioner's ineffective assistance claim was collaterally estopped by the Supreme Court's decision on direct appeal; see footnote 2 of this opinion; the habeas court also rejected the claim on the merits. Applying the two-pronged test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the habeas court found that the petitioner's trial counsel did not perform deficiently by failing adequately to inform the trial court of his desire for self-representation.[5] The habeas court reasoned that the record reflected that the petitioner was concerned not with representing himself, but, rather, with being assigned counsel of his choosing, obtaining discovery, meeting with his attorneys, addressing the court, and claiming that various court personnel were conspiring against him. Thus, the habeas court concluded that trial counsel did not perform deficiently because, other than at sentencing, "there was no clear and unequivocal invocation for them to convey to the court . . . ." Following a grant of certification to appeal, this appeal followed.

The petitioner claims that the habeas court erred in concluding that he did not receive ineffective assistance of counsel. We disagree.

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . Historical facts constitute a recital of external events and the credibility of their narrators. . . . Accordingly, [t]he habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . . The application of the

habeas court's factual findings to the pertinent legal standard, however, presents a mixed question of law and fact, which is subject to plenary review." (Citations omitted; internal quotation marks omitted.) *Gaines* v. *Commissioner of Correction*, 306 Conn. 664, 678, 51 A.3d 948 (2012).

Pursuant to *Strickland*, "[a] claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *Fernandez* v. *Commissioner of Correction*, 291 Conn. 830, 835, 970 A.2d 721 (2009).

We agree with the habeas court that the petitioner failed to demonstrate that Sullivan, Sturman or Barrs performed deficiently by failing to adequately convey to the trial court his desire for self-representation. We note that, as a matter of law, the petitioner's ineffective assistance claim fails in the absence of evidence establishing that he made a clear and unequivocal request for self-representation, and that his trial counsel either failed to inform the trial court of the request or did so in a manner that did not capture the unequivocal nature of the request. In other words, the mere fact that trial counsel did not inform the trial court that the petitioner made a clear and unequivocal request for self-representation does not form the basis for an ineffective assistance claim. The petitioner must demonstrate that he actually made such a request and that his attorneys failed to properly relay it.

The habeas court correctly found that the petitioner failed to carry his burden of showing that his trial counsel failed to inform the trial court of a clear, unequivocal request for self-representation. With regard to Sullivan, the record reflects that, after convening with the petitioner at the December 20, 2005 hearing, she informed Judge Handy that the petitioner "indicate[s] now that he wishes to represent himself in this matter. I informed him that I didn't think Your Honor was going to allow him to represent himself on a murder charge simply because that would be much too dangerous and it would not be in his best interest."[6] (Emphasis omitted; internal quotation marks omitted.) *State* v. *Pires*, supra, 310 Conn. 235. There was no evidence in the habeas record that this representation was inaccurate. The petitioner did not testify at the habeas trial. Sullivan testified that the petitioner mentioned self-representation at the end

of their conversation in an offhand manner, that she was unsure whether the request was genuine because the petitioner was angry and irrational at the time, and that she could not explore the issue because the petitioner refused to speak with her further. Sullivan further testified that, although the petitioner repeatedly had tried to fire her, the only time he expressed a desire to represent himself was during that December 20, 2005 meeting. Therefore, the record establishes only that the petitioner made a single offhand reference to self-representation, which Sullivan promptly conveyed to the trial court. She did not perform deficiently simply because she characterized the petitioner's request in a manner that did not prove favorable to the petitioner's subsequent claim that he had clearly and unequivocally invoked his right to self-representation.

There was also no evidence that Barrs or Sturman performed deficiently. They both testified at the habeas trial that the petitioner never expressed a desire to represent himself. They further testified that they did not construe any of the petitioner's pro se motions to be requests for self-representation. Even if they had, however, it would not matter because those written motions had already been filed with the court. Accordingly, the habeas court properly denied the petitioner's amended petition for a writ of habeas corpus on the ground that he failed to satisfy the performance prong of *Strickland*.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The petitioner makes a number of other claims in his appellate brief that we need not address in this appeal—specifically, that his attorneys (1) provided him with incorrect advice as to whether the trial court would permit him to represent himself, (2) failed to advise him to invoke his right to self-representation more clearly and more unequivocally than he did, (3) failed further to pursue his right to self-representation, (4) failed to advise him that the trial court would not consider his statements on the record to be a clear and unequivocal invocation of the right, and (5) failed to advise him that accepting replacement counsel could be perceived as a waiver of his right to self-representation. Although the petitioner presented testimony and argument on these claims at the habeas trial, he did not allege them in his amended petition for a writ of habeas corpus, nor did the habeas court address them in its memorandum of decision.

"This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . *and* was ruled upon and decided by the court adversely to the appellant's claim. . . . To review [claimed errors] now would amount to an ambuscade of the [habeas] judge. . . . This court is not compelled to consider issues neither alleged in the habeas petition nor considered at the habeas proceeding . . . ." (Citation omitted; emphasis altered; internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 98 Conn. App. 690, 693, 910 A.2d 999 (2006), cert. denied, 281 Conn. 910, 916 A.2d 52 (2007).

We instead confine our review to the single claim of ineffective assistance that was distinctly alleged and ruled upon by the habeas court—namely, that the petitioner's trial counsel "failed to adequately convey to the [trial] court that the petitioner wished to represent himself."

[2] As an alternative ground for affirmance, the respondent, the Commissioner of Correction, contends that the habeas court properly concluded that the petitioner's ineffective assistance claim was collaterally estopped by our Supreme Court's determination in the petitioner's direct appeal that the petitioner never clearly and unequivocally invoked his right to self-representation. See *State* v. *Pires*, 310 Conn. 222, 238–44, 77 A.3d 87 (2013).

Because we agree with the habeas court's determination that the petitioner did not receive ineffective assistance, we need not address collateral estoppel.

[3] In denying the petitioner's motion, Judge Schimelman stated: "There is nothing that you said to me that leads me to believe that I [should dismiss] them at this time. In fact, it would be to your disadvantage, in my mind, to dismiss them because they have the ability to explain to the court in a way that perhaps you, as a layperson, [do] not have, those matters that need to be discussed during this sentencing. And it would be counterproductive, in my mind, to dismiss them and to leave you without representation or to make the determination that this sentencing should be delayed. I think neither is necessary, nor neither would be beneficial to you and, or, to the family of the victims in this case and, or, to the judicial process. Accordingly, your motion to dismiss your attorneys is denied." (Internal quotation marks omitted.) *State* v. *Pires*, supra, 310 Conn. 251.

[4] On direct appeal, the petitioner claimed that the trial court violated his constitutional right of self-representation because he clearly and unequivocally invoked the right both at the December 20, 2005 hearing through Sullivan's comments to Judge Handy, and at the sentencing hearing through his written motion to dismiss and oral argument on that motion. *State* v. *Pires*, supra, 310 Conn. 229–30. With respect to the December 20, 2005 hearing, the Supreme Court held that Sullivan's statements did not amount to a clear and unequivocal invocation of the right to self-representation; id., 238; and that even if they had, the petitioner subsequently waived the right when he accepted the appointment of Sturman and Barrs as new counsel. Id., 244–45. The Supreme Court further concluded that, assuming the petitioner had made a clear and unequivocal request to represent himself at the sentencing hearing, Judge Schimelman did not abuse his discretion in denying the request. Id., 249–50.

[5] The habeas court also found that the petitioner failed to establish that any deficient performance on the part of his trial counsel prejudiced him. Because we agree with the habeas court that the petitioner's trial counsel did not perform deficiently, we need not reach the issue of prejudice. See *Ouellette* v. *Commissioner of Correction*, 154 Conn. App. 433, 448 n.9, 107 A.3d 480 (2014) ("[a] court evaluating an ineffective assistance claim need not address both components of the *Strickland* test if the [claimant] makes an insufficient showing on one" [internal quotation marks omitted]).

[6] We note that the merits of the trial court's response to Sullivan's representation were addressed in *State* v. *Pires*, supra, 310 Conn. 246–49, and we need not discuss the merits further here.