DARRELL ATKINSON *v.* COMMISSIONER
OF CORRECTION
(AC 30634)

Bishop, Lavine and Bear, Js.

---

Argued September 24—officially released December 21, 2010

*Edward G. McAnaney*, special public defender, for the appellant (petitioner).

*Richard K. Greenalch, Jr.*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BEAR, J. In this "habeas on a habeas," the petitioner, Darrell Atkinson, appeals following the denial of his petition for certification to appeal from the judgment denying his amended second petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in denying certification to appeal and improperly rejected his claim that counsel in his first habeas trial had been ineffective. We dismiss the appeal.

The following facts are relevant to our resolution of the petitioner's appeal. In the underlying criminal matter,[1] the petitioner was charged initially with the crimes of felony murder, robbery in the first degree, conspiracy to commit robbery in the first degree and

---

[1] The facts of the underlying criminal matter are set forth in *State* v. *Atkinson*, 235 Conn. 748, 670 A.2d 276 (1996).

attempt to commit assault in the first degree. The crimes occurred on February 27, 1992, and the petitioner was arrested by warrant in March, 1992. Thereafter, he was charged with the crimes of escape in the first degree, assault in the second degree and possession of a weapon in a correctional institution. These crimes occurred on February 1, 1993. The matters were consolidated for trial.

In these underlying criminal matters, the petitioner was represented by attorney Thomas Conroy. Following a jury trial, the petitioner was convicted of felony murder, robbery in the first degree, conspiracy to commit robbery in the first degree, attempt to commit assault in the first degree, escape in the first degree and assault in the second degree. The court imposed a total effective sentence of ninety-five years imprisonment. Our Supreme Court upheld the conviction in *State* v. *Atkinson*, 235 Conn. 748, 670 A.2d 276 (1996).

Following the unsuccessful appeal of his conviction, the petitioner brought his first petition for a writ of habeas corpus (first petition), claiming innocence in fact[2] and ineffective assistance of counsel by Conroy. The petitioner alleged that Conroy had failed (1) to impeach the state's witnesses who had attempted to establish the petitioner's presence at the scene of the incident and (2) to call alibi witnesses. A habeas trial was held on July 8 and 23, 1999. The petitioner was represented at the habeas trial by attorney Robert McCoy.

At the habeas trial on the first petition, the petitioner testified, and he called Conroy to testify along with three potential alibi witnesses: correction officer James Outlaw; Margaret Atkinson Ocasio, the petitioner's mother; and Tomeka Hardy, the petitioner's girlfriend

---

[2] We construe this to be a claim of actual innocence. See *Summerville* v. *Warden*, 229 Conn. 397, 422, 641 A.2d 1356 (1994).

at the time. Conroy testified that he had filed a motion to suppress a statement made by the petitioner that he was at the scene of the crime but that the court had denied the motion.[3] Consequently, Conroy's strategy at trial was to establish that, although the petitioner was present at the scene, he was a spectator and not the shooter. Conroy believed it would not be effective to have the alibi witnesses testify when the petitioner had given a statement to the police that contradicted the statements of these witnesses.

At the close of evidence at trial on the first petition, the habeas court ordered the attorneys to file posttrial memoranda. McCoy, however, failed to file the posttrial memorandum as required by the court. Nevertheless, the habeas court denied the petition by memorandum of decision, concluding that the petitioner had "failed to meet his burden of proof for a new trial" and that Conroy's decision not to call alibi witnesses was "a reasonable professional judgment." The petitioner appealed from that judgment, and this court dismissed the appeal. *Atkinson* v. *Commissioner of Correction*, 67 Conn. App. 902, 786 A.2d 545 (2001), cert. denied, 259 Conn. 929, 793 A.2d 252, cert. denied, 536 U.S. 944, 122 S. Ct. 2630, 153 L. Ed. 2d 811 (2002).

The petitioner later filed a complaint against McCoy with the statewide grievance committee, and McCoy was reprimanded by the committee for failure to file the posttrial memorandum. On November 2, 2004, the petitioner brought this second petition for a writ of habeas corpus (second petition).[4] In an amended petition, filed September 29, 2008, the petitioner claimed

---

[3] The denial of the motion to suppress was addressed by our Supreme Court in *State* v. *Atkinson,* supra, 235 Conn. 753–61.

[4] With respect to the second petition, the petitioner was appointed a special public defender who filed an appearance on December 28, 2004. On December 4, 2007, the petitioner's special public defender filed a motion to withdraw his appearance. The motion to withdraw was granted by the court on March 19, 2008. The petitioner thereafter proceeded pro se. Counsel, however, was appointed for the purposes of this appeal.

ineffective assistance of counsel on the part of McCoy due to his failure to file the posttrial memorandum as required by the habeas court.[5]

The second petition was tried on November 12, 2008, and the petitioner appeared pro se. He offered, as evidence, the decision of the statewide grievance committee reprimanding McCoy. The respondent, the commissioner of correction, objected to the document's being admitted as a full exhibit, and the court sustained the objection, holding that the decision was irrelevant and did not "address any of the merits of the prior habeas petition and does not in any way indicate that attorney McCoy was ineffective."[6]

Following the trial, the habeas court denied the petition by oral ruling. The court stated that the petitioner had "not established prejudice by any omission or failure on the part of attorney McCoy to not file a brief." Further, it was "clear from a read of the memorandum of decision by Judge Meadow [the judge at the trial of the first petition] and a review of the transcript of the proceedings that the petitioner was, in fact, afforded a full opportunity to present his petitions, which

---

[5] The petitioner also alleged ineffective assistance of habeas counsel for failing to investigate adequately information regarding Detective Joseph Green of the New Haven police department; ineffective assistance of habeas counsel for failing to research and claim ineffective assistance of trial counsel for failing to object to an unconstitutional jury instruction and ineffective assistance of appellate counsel for failing to raise the issue on appeal; and ineffective assistance of trial counsel for failing to investigate Green or failing to cross-examine Green on aspects of claimed perjured testimony. The petitioner does not address these claims in his brief, and, therefore, they are deemed abandoned. See *State* v. *Saucier*, 283 Conn. 207, 223, 926 A.2d 633 (2007).

[6] See also, e.g., *Biller Associates* v. *Peterken*, 269 Conn. 716, 722, 849 A.2d 847 (2004) ("The Rules [of Professional Conduct] are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability." [Internal quotation marks omitted.]).

addressed claims regarding conduct of his trial counsel." The court noted that Judge Meadow heard testimony from five witnesses and that it did not "appear that the issue of the brief or failure to file a brief was in any way dispositive of [his] ruling in the [first] petition in which [he] denied the petition."

The petitioner filed a petition for certification to appeal on November 26, 2008. On December 4, 2008, the habeas court denied the petition for certification but granted the waiver of fees and appointed counsel for the appeal. This appeal followed.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion." *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). "If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612. "We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal." (Internal quotation marks omitted.) *J.R.* v. *Commissioner of Correction*, 105 Conn. App. 827, 831, 941 A.2d 348, cert. denied, 286 Conn. 915, 945 A.2d 976 (2008). A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." *White* v. *Commissioner of Correction*, 58 Conn. App. 169, 170, 752 A.2d 1159 (2000). "A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . Put another way, the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Sastrom* v. *Mullaney*, 286 Conn. 655, 662, 945 A.2d 442 (2008). With respect to the prejudice component, "[i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings." (Internal quotation marks omitted.) *Toccaline* v. *Commissioner of Correction*, 80 Conn. App. 792, 799, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413 (2004), cert. denied sub nom. *Toccaline* v. *Lantz*, 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004). "Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong." *King* v. *Commissioner of Correction*, 73 Conn. App. 600, 602–603, 808 A.2d 1166 (2002), cert. denied, 262 Conn. 931, 815 A.2d 133 (2003). "A

court need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim." *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 620, 724 A.2d 508, cert. denied, 248 Conn. 905, 731 A.2d 309 (1999).

The petitioner alleges that the habeas court's refusal to grant his request for certification to appeal constitutes an abuse of discretion. The petitioner further alleges that the habeas court incorrectly decided his second petition because (1) McCoy was ineffective and (2) McCoy's failure to file the posttrial memorandum prejudiced the petitioner.

We first, therefore, examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. The petitioner's burden is to demonstrate that there is a reasonable probability that, but for McCoy's failure to file the posttrial memorandum, his first petition for habeas corpus would have been granted. Although there is no question that McCoy should have filed the posttrial memorandum as required by the court, the record does not indicate that McCoy's failure to file the memorandum had any impact on the court's decision to deny the first petition.

The petitioner cites *State* v. *Weber*, 221 Conn. 84, 602 A.2d 963 (1992), to support his claim that an attorney's failure to file a brief is likely to amount to ineffective assistance and deprive a defendant of some of his constitutional rights. In *Weber*, our Supreme Court affirmed this court's dismissal of an appeal that had resulted from defense counsel's failure to file his brief within the time allowed. The court noted that the dismissal "cannot be permitted to deprive the defendant of his constitutional right to appellate review of his conviction

on the merits. The dismissal does terminate the present appeal, but it does not bar the defendant from proceeding with a habeas corpus petition seeking the opportunity to file a new appeal. As the basis for such a petition under the circumstances of this case would ordinarily be the ineffective assistance of counsel, his present counsel would not be likely to represent the defendant in a new appeal. Whether or not there is justification for present counsel's inordinate delay in filing a brief, his services in this appeal may well have been ineffective and the defendant may have been deprived of his constitutional rights." Id., 86–87.

The facts of *Weber* are distinguishable from the present case. In *Weber*, this court's dismissal of the defendant's appeal was a direct result of defense counsel's failure to file a brief. In the present case, the record is clear that the petitioner's first petition was not denied on that basis. After having been given the opportunity to present evidence regarding his first petition during a two day proceeding in which the court heard testimony from five of the petitioner's witnesses, the court wrote a comprehensive memorandum of decision. The court addressed the witnesses' testimony and determined that, from the evidence adduced at trial, the petitioner had failed to meet his burden. McCoy's failure to file a posttrial memorandum did not impede the habeas court in considering the petitioner's claims and rendering its decision. Unlike *Weber*, the court in this case considered the evidence and rendered judgment on the merits of the case. Accordingly, the petitioner has not established that he was prejudiced in any way by McCoy's omission. He, therefore, has not established his claim of ineffective assistance of counsel.

Having reviewed the record, and for the reasons set forth previously, we conclude that the petitioner failed to establish that the issues he has raised are debatable among jurists of reason, that a court could have

resolved them in a different manner or that the questions he has raised are adequate to deserve encouragement to proceed further. Accordingly, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.