### DAVID ELLISTON *v.* COMMISSIONER OF CORRECTION
### (AC 32496)

Lavine, Alvord and Bear, Js.

Submitted on briefs September 9—officially released October 11, 2011

*Cameron R. Dorman,* special public defender, filed a brief for the appellant (petitioner).

*John C. Smriga,* state's attorney, *Linda Currie-Zeffiro,* assistant state's attorney, and *Gerard P. Eisenman,* senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, David Elliston, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion by (1) denying his petition for certification to appeal and (2) denying his petition for a writ of habeas corpus grounded in ineffective assistance of trial counsel. We conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal and therefore dismiss the appeal.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, quoting *Lozada* v. *Deeds,* 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of

the habeas court should be reversed on its merits. Id., 612. We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. . . . *J.R.* v. *Commissioner of Correction*, 105 Conn. App. 827, 831, 941 A.2d 348, cert. denied, 286 Conn. 915, 945 A.2d 976 (2008). A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." (Internal quotation marks omitted.) *Atkinson* v. *Commissioner of Correction*, 125 Conn. App. 632, 637, 9 A.3d 407 (2010), cert. denied, 300 Conn. 919, 14 A.3d 1006 (2011).

"A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . Put another way, the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) Id., 638.

The record discloses the following relevant facts. In 2002, a jury found the petitioner guilty of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (5) and carrying a dangerous weapon in violation of General Statutes § 53-206 (a). See *State* v. *Elliston*, 86 Conn. App. 479, 480,

861 A.2d 563 (2004), cert. denied, 273 Conn. 906, 868 A.2d 746 (2005).[1] The petitioner was committed to the custody of the respondent, the commissioner of correction, for a period of twenty-five years. Id., 482.

Following his conviction, the petitioner filed an appeal with this court, claiming that the denial of his motion to suppress the out-of-court and in-court identifications; see footnote 1 of this opinion; violated his right to due process. *State* v. *Elliston*, supra, 86 Conn. App. 480. This court disagreed with the petitioner's claim, concluding that, "despite the suggestiveness of the identification procedure, the identification itself

---

[1] The following facts underlie the petitioner's conviction. On or about November 16, 2001, the victim, Kirk Reid, was shot by an assailant outside the Yellow Bird Social Club in Bridgeport. *State* v. *Elliston*, supra, 86 Conn. App. 480. "During the incident, the street was well lit and the victim was able to see the assailant's face." Id., 480–81. Detective Juan P. Gonzalez interviewed the victim at the hospital and was informed that "the assailant was 'Dave,' a Jamaican male who lived in the area of Beechwood Avenue in Bridgeport. . . . [T]he victim described the assailant . . . as a black male, five feet, nine inches tall, clean shaven, with a thin build and 'corn rolls.' " Id., 481.

Thereafter, Gonzalez took "a single photograph of someone who met the victim's description of his assailant to the hospital for the purpose of identification. The victim indicated that the photograph was not of his assailant. Subsequently, on December 1, 2001 . . . Gonzalez brought a single photograph of the [petitioner] to the hospital for identification purposes. The victim identified the [petitioner] as his assailant." Id. On December 12, 2001, Gonzalez presented the victim with a photographic array that included a photograph of the petitioner. Id. "[T]he victim immediately identified the photograph of the [petitioner] and stated that he was '100 percent positive' that the man depicted in the photograph was his assailant. The victim knew the [petitioner] as 'Dave' from Colonial Toyota in Milford, where they both worked, and by the nickname 'Bartley' from the neighborhood and from the Yellow Bird Social Club." Id., 481–82.

At trial, the petitioner filed a motion to suppress the out-of-court and in-court identifications of him. Id., 482. He argued that "the use of the single photograph was unnecessarily suggestive and that the inclusion of that picture in the array made that identification and all subsequent identifications unreliable because the picture had already been identified by the victim as depicting the assailant, and it was lighter than the other photographs in the array. The court [*Hon. John P. Maiocco, Jr.*, judge trial referee] denied the [petitioner's] motion, holding that although the identification procedure

was reliable based on the totality of the circumstances. '[R]eliability is the linchpin in determining the admissibility of the identification testimony . . . .' *State* v. *Thompson,* [81 Conn. App. 264, 270, 839 A.2d 622, cert. denied, 268 Conn. 915, 847 A.2d 312 (2004)]." *State* v. *Elliston,* supra, 484–85. This court found that the record made clear that the petitioner met the general description the victim gave of his assailant at trial. Id., 485. Moreover, "this is not a case in which the victim had been attacked by an unknown assailant. The victim knew the [petitioner] from his place of employment, from his neighborhood and from the Yellow Bird Social Club. [In addition], the victim was first shown a single photograph of someone other than the [petitioner]. It is thus highly unlikely that the use of a single photograph to identify the [petitioner] in any way hampered the victim's ability to accurately identify his assailant." Id., 486.

In his amended petition for a writ of habeas corpus, the petitioner alleged, in part, that his trial counsel rendered ineffective assistance by conducting a deficient cross-examination of the victim, failed to articulate the applicable decisional law regarding a suggestive identification process and failed to file a memorandum of law in support of the petitioner's motion to suppress. With respect to those claims of ineffective assistance of counsel, the habeas court found that the petitioner's trial counsel did not render ineffective assistance with regard to the filing of a memorandum of law in support of the motion to suppress and that there is a complete absence of prejudice on that ground. The court also found that the petitioner failed to prove that counsel's cross-examination of the victim at trial was defective.

The petitioner also alleged that his trial counsel's representation was ineffective in that he failed (1) to

bore a hint of suggestiveness, it was not unnecessarily suggestive and, at any rate, it was reliable under the totality of the circumstances." Id.

investigate an eyewitness identification of the assailant, (2) to file a motion to suppress that identification and (3) to conduct an adequate cross-examination of that witness at trial. The habeas court found the allegations unproven, primarily on the basis of its credibility determinations. See *Necaise* v. *Commissioner of Correction*, 112 Conn. App. 817, 820, 964 A.2d 562, cert. denied, 292 Conn. 911, 973 A.2d 660 (2009).

The petitioner further alleged that his trial counsel was negligent in failing to present the testimony of certain individuals to provide an alibi defense. The habeas court credited the testimony of the petitioner's trial counsel and determined that counsel's decision not to call certain witnesses was a valid tactical decision. As to prejudice, the habeas court found that the state's case was strong given the circumstances of the victim's identification of his assailant; the petitioner and the victim were well-known to one another.

On the basis of our review of the record and the briefs of the parties, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal. This is not a case in which the issues are debatable among jurists of reason, a court could resolve the issues in a different manner or the questions should be encouraged to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616.

The appeal is dismissed.