******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHARLES FULLENWILEY *v.* COMMISSIONER
OF CORRECTION
(AC 37491)

DiPentima, C. J., and Beach and Flynn, Js.

*Argued January 14—officially released March 15, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Robert J. McKay*, assigned counsel, for the appellant (petitioner).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Charles Fullenwiley, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his revised amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly denied (1) his petition for certification to appeal and (2) his petition for a writ of habeas corpus. Because the petitioner has not demonstrated that the court abused its discretion in denying the petition for certification to appeal, we dismiss the appeal.

The following facts and procedural history are relevant to our resolution of this appeal. On June 3, 2008, the petitioner pleaded guilty, under the *Alford*[1] doctrine, to possession of child pornography in the first degree. He was sentenced to a term of twenty years incarceration, execution suspended after twelve years, and fifteen years of probation. The petitioner filed a revised amended petition for a writ of habeas corpus, which contained two claims—ineffective assistance of trial counsel and actual innocence. The petitioner raises only the former claim on appeal.

The habeas court denied the petitioner's revised amended petition for habeas corpus relief. The court noted that "the state's case against the petitioner was overwhelming. . . . The petitioner had admitted to possessing this material while knowing its nature. . . . The petitioner's own forensic expert reported to [the petitioner's trial counsel] that the depictions were genuine photographic recordings and not computer generated simulations. . . . The petitioner's criminal history at the time of his prosecution for this charge was atrocious." The court concluded that the petitioner's allegations of ineffective assistance of counsel failed because the petitioner had not established that he was prejudiced by the performance of his trial counsel.[2]

Thereafter, the petitioner sought certification to appeal from the judgment denying his petition for a writ of habeas corpus, which the court denied. This appeal followed.

On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and that the court improperly denied his petition for a writ of habeas corpus. The petitioner essentially contends that his trial counsel performed deficiently in his representation of the petitioner during plea negotiations.

We first set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate that the issues are debatable among

jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. Id., 612." (Internal quotation marks omitted.) *Elliston* v. *Commissioner of Correction*, 131 Conn. App. 787, 788–89, 28 A.3d 1019 (2011).

A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. "In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . . A reviewing court need not address both components of the inquiry if the [petitioner] makes an insufficient showing on one." (Internal quotation marks omitted.) *McGee* v. *Commissioner of Correction*, 157 Conn. App. 863, 868, 118 A.3d 140, cert. denied, 318 Conn. 903, 122 A.3d 633 (2015). "To satisfy the prejudice prong, a [petitioner] must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Atkinson* v. *Commissioner of Correction*, 125 Conn. App. 632, 638, 9 A.3d 407 (2010), cert. denied, 300 Conn. 919, 14 A.3d 1006 (2011). "[I]n the context of a guilty plea . . . to succeed on the prejudice prong the petitioner must demonstrate that, but for counsel's alleged ineffective performance, the petitioner would not have pleaded guilty and would have proceeded to trial." (Internal quotation marks omitted.) *Carraway* v. *Commissioner of Correction*, 317 Conn. 594, 600 n.6, 119 A.3d 1153 (2015).

After reviewing the record, briefs, and the habeas court's thoughtful memorandum of decision, we conclude that the petitioner has not contested the habeas court's finding of lack of prejudice. The habeas court concluded that the petitioner failed to demonstrate prejudice as a result of the alleged ineffective assistance of counsel, yet, in his appellate brief, the petitioner argued only that counsel's performance was deficient. Without a showing that the petitioner would not have pleaded guilty but for the deficient performance of his trial counsel, the prejudice requirement has not been

met. See *Atkinson* v. *Commissioner of Correction*, supra, 125 Conn. App. 637. Accordingly, the petitioner has failed to sustain his burden of persuasion that the habeas court abused its discretion by denying his petition for certification to appeal. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The habeas court listed the petitioner's allegations of ineffective assistance of counsel as follows: "[Trial counsel] failed adequately to explain to the petitioner the plea canvass process, the nature of an *Alford* plea, and/ or the purpose of a presentence investigation report . . . he insufficiently investigated the state's case against the petitioner by failing to review and make use of an internal affairs report in order to negotiate more favorable terms for disposition . . . he failed to learn whether or not the petitioner was arrested pursuant to an arrest warrant which charged the petitioner with child pornography . . . he failed to apprise the petitioner of the possibility of using the testimony of [a] Waterbury police officer . . . for the defense case . . . he misinformed the petitioner that his daughter . . . would be called as a defense witness . . . he failed to interview [a] [then detective] of the Waterbury Police Department, [the petitioner's daughter], or [an additional witness] . . . he failed to inform the petitioner of the elements of the crime of possession of child pornography [in the] first degree . . . and . . . he forced the petitioner to plead guilty."